342 So.2d 1034 (1977)
David BLACK and Lillian Black, His Wife, Appellants,
v.
PALM BEACH COUNTY, a Political Subdivision of the State of Florida, and James Edward Moore, Appellees.
No. 75-1926.
District Court of Appeal of Florida, Fourth District.
February 18, 1977.
Marjorie D. Gadarian, of Jones, Paine & Foster, West Palm Beach, for appellees.
Robert V. Romani, of Farish & Farish, West Palm Beach, for appellants.
CARLTON, CHARLES T., Associate Judge.
Appellants, David Black and Lillian Black, his wife, Plaintiffs in the trial court below appeal a final judgment for Appellees, entered by the trial court pursuant to a jury verdict for Appellees, ordering that Appellants recover nothing from Appellees.
On April 18, 1974 Appellant, David Black, was driving a motor vehicle and was stopped at a red traffic signal located at an intersection in the City of West Palm Beach, Florida. At that time Appellee, James Edward Moore was an employee of Appellee, Palm Beach County, and was operating a county-owned bus that collided with the rear of Appellants' automobile.
*1035 The evidence presented at trial established that Appellee, James Edward Moore, was approximately 100 feet from Appellant's auto when he applied his brakes. He stated they failed. There were no skid marks. Appellant, David Black, testified there was no traffic either side of him at that time, and he did not hear a horn or any type of warning signal from Appellee's bus prior to the collision. Additionally, Appellant, David Black, testified that after the accident he was present when the investigating officer tested the brakes on the bus in question, and they operated properly.
The court granted the Appellee's, Palm Beach County, motion for a directed verdict on the allegation alleging negligent maintenance and equipping of the bus. The court submitted the case to the jury on negligence in the management, operation and control of the bus. The jury found for the Appellees.
Prior to the trial Appellants propounded the following Request for Admission to Appellees:
"7. At said time and place set forth in Paragraph 6 above the brakes failed on a 1954 General Motors bus being operated by the Defendant, James Edward Moore, and owned by the Defendant, Palm Beach County, causing said bus to collide with Plaintiffs' automobile."
Appellees filed no answer to the Request for Admission. Hence, it was deemed admitted under Florida Rule of Civil Procedure 1.370. Appellees took the position that since the Appellees had not answered the Request for Admission they were admitted and were binding on the Appellants as well as the Appellees.
Appellees submitted the content of the above quoted Request for Admission to the Court as part of Appellees requested Florida Standard Jury Instruction 3.1. This requested instruction was granted over Appellant's objection.
Appellants complain the trial court should not have read the Request for Admission as a jury instruction. Further, the issue of whether or not Appellee's brakes failed, and if Appellee took evasive action in preventing the collision should be submitted to the jury.
We hold that the submission of Request for Admission by a litigant does not, in and of itself, bind the litigant to the request Champlin v. Oklahoma Furniture Manufacturing Company, 10 Cir., 324 F.2d 74. The Florida discovery rule on Requests for Admission is practically identical as the Federal Rule of Civil Procedure 36. On this point in Wright and Miller, Federal Practice and Procedures, Civil § 2264 it is stated:
"The preceding discussion has been concerned with the extent to which an admission made under Rule 36 binds the parties who made it. The admission does not bind the party who requested it."
Therefore, the Request for Admission in question should not have been read as part of the jury instructions. The effect of the erroneous Instruction in question was to direct a verdict for Appellees.
During the trial the Appellant, David Black, testified that the investigating officer tested the brakes after the accident and they did, in fact, work. This creates a conflict in the evidence on the issue of whether or not the brakes failed and therefore was the cause of the accident. This issue should have been submitted to the jury. Pensacola Transit Co. v. Denton, Fla. App., 119 So.2d 296.
Further, the bus was over 100 feet from Appellants' auto when the brakes allegedly failed. No skid marks were found. There was evidence that Appellee, James Edward Moore, took no evasive action and gave no warning of the imminent collision. This issue should have been submitted to the jury.
Therefore, there were two very crucial conflicts of fact in the instant case that should have been submitted to the Jury: (1) Did the brakes in fact fail? and, if so, (2) Was it the brakes' failure or the driver's failure to have his vehicle under control that caused the bus to collide with Appellants auto?
*1036 Accordingly, the judgment is reversed and the cause remanded for a new trial.
CROSS, J., and PAUL, MAURICE M., Associate Judge,