**INDIANA CONSTRUCTION SERVICE, INC., Appellant (Defendant Below),**

v.

**AMOCO OIL COMPANY, Appellee (Plaintiff Below).**

No. 37A04–8808–CV–259.

Court of Appeals of Indiana, Fourth District.

Feb. 16, 1989.

Frederick H. Link, Eichhorn, Eichhorn & Link, Hammond, for appellant.

Joel C. Levy, Michael D. Sears, Singleton, Levy & Crist, Highland, for appellee.

CONOVER, Presiding Judge.

Defendant–Appellant Indiana Construction Service, Inc. (Indiana Construction) appeals the trial court's use of Amoco Oil Company's (Amoco) response to Indiana Construction's Trial Rule 36 request for admissions in awarding summary judgment in favor of Amoco.

We reverse and remand.

The issue here is

whether a T.R. 36 admission binds the party requesting the admission.

Indiana Construction contracted with Amoco to perform construction and repair work at Amoco's Whiting refinery. The contract contained an indemnity clause. Robert Nelson (Nelson), an employee of Indiana Construction, was injured on the job at the refinery, and brought a tort action against Amoco in federal court. Amoco settled out of court with Nelson and then brought a state court action against Indiana Construction seeking indemnity.

In its answer, Indiana Construction claimed the contract was void and unenforceable, citing I.C. 26–2–5–1.[1] Indiana Construction then filed four Ind. Rules of Procedure, Trial Rule 36 requests for admission, one of which read

. . . . .

2. That the injuries sustained by Robert Nelson on July 27, 1983, while he was performing services for Indiana Construction Service, Inc., under Indiana Construction Service, Inc.'s, contract with AMOCO Oil Company, were sustained as a result of the sole negligence or willful misconduct of Indiana Construction Service, Inc.[2]

. . . . .

(R. 63–4).

In its response, Amoco admitted request no. 2, then filed a motion for summary judgment based upon that admission. The trial court denied Indiana Construction's motion to withdraw Amoco's admission, then granted summary judgment. Indiana Construction appeals.

T.R. 36 provides a procedure by which a party may request another party to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(B) set out in the request, including the genuineness of any documents described in the request. C. Wright and A. Miller, Federal Practice and Procedure, Sec. 2251, at 703 (1970). The Indiana Rule is more expansive than the Federal Rule because a party may ask for an opinion, a contention, or a legal conclusion, if the request is related to facts in the case, although usually a request refers to a fact, or a document, or a conclusion derived from a fact. 3 Harvey, Indiana Practice—

Rules of Procedure Annotated, 36.1 (1970). The essential function of a T.R. 36 request for admission is to establish known facts. See e.g. *F.W. Means & Co. v. Carstens* (1982), Ind.App., 428 N.E.2d 251, 256. If a party wishes to discover unknown facts, he should not resort to T.R. 36. *Id.* Instead, the party should use other discovery techniques. Any matter admitted under this rule is conclusively established as to the party admitting the fact. See e.g., *Bolen v. Mid–Continent Refrigerator Co.* (1980), Ind.App., 411 N.E.2d 1255.

Ordinarily, an admission binds the party answering the request for admission. *Herff Jones, Inc. v. State Bd. of Tax Com'rs.* (1987), Ind.Tax, 512 N.E.2d 485, 489; C. Wright & A. Miller, *supra*, at 744; J. Friedenthal, M.K. Kane & A. Miller, *Civil Procedure* Sec. 404 at (1985). A T.R. 36 request for admission asks the answering party to admit something.

However, the mere propounding of these requests admits nothing as to the requesting party. A T.R. 36 admission does not bind the person requesting it. *Shell Oil Co. v. Murrah* (1986), Miss., 493 So.2d 1274, 1277; *Black v. Palm Beach Co.* (1977), Fla.App., 342 So.2d 1034, 1035; C. Wright & A. Miller, *supra*, at 741. An admission does not have the effect of a stipulation, even though T.R. 36 provides matters admitted under that rule are conclusively established. *Murrah, supra.*

Indiana Construction never admitted it was negligent, it mistakenly requested Amoco to admit Indiana Construction was negligent. Indiana Construction sought to establish a fact it wanted to use against Amoco. T.R. 36 was never intended to bind the requesting party. *Murrah,*

---

1. In its entirety I.C. 26–2–5–1 states
 Sec. 1. All provisions, clauses, covenants, or agreements contained in, collateral to, or affecting any construction or design contract except those pertaining to highway contracts, which purport to indemnify the promisee against liability for:
 (1) death or bodily injury to persons;
 (2) injury to property;
 (3) design defects; or
 (4) any other loss, damage or expense arising under either (1), (2) or (3);

from the sole negligence or willful misconduct of the promisee or the promisee's agents, servants or independent contractors who are directly responsible to the promisee, are against public policy and are void and unenforceable.

2. Clearly, the request should have named Amoco as the negligent party, but mistakenly named the requester, Indiana Construction.

493 So.2d at 1277; *Black*, 342 So.2d at 1035. Accordingly, Amoco's response to Indiana Construction's request no. 2 does not bind Indiana Construction.

Reversed and remanded for further proceedings consistent with this opinion.

MILLER and CHEZEM, JJ., concur.