SMITH, Judge.
Appellants appeal two summary final judgments: one in favor of appellees, Mid-dlesex Development Corporation, Wesley Burnham, Nall Investment Company, Monarch Corporation, Edgewater Beach Resort Management, Inc. and Edgewater Beach Resort Community Association, Inc.; and one in favor of appellee, Cox Building Corporation (Cox). Subsequent to the filing of this appeal, the supreme court rendered its decision in Kendrick v. Ed’s Beach Service, Inc., 511 So.2d 936 (Fla.1991). Appel-lees Middlesex Development Corporation, Wesley Burnham, Nall Investment Company, Monarch Corporation, Edgewater Beach Resort Management, Inc. and Edge-water Beach Resort Community Association, Inc. have conceded that if the summary judgment in favor of Ed’s Beach Service was improper, as the supreme court ruled in Kendrick, then the summary judgment rendered in favor of them was likewise inappropriate. Accordingly, only the summary judgment rendered in favor of Cox requires review.
Cox contends that the summary judgment is proper under the doctrine of Slavin v. Kay, 108 So.2d 462 (Fla.1958) because the owners/developers had accepted the project before appellant Kendrick’s accident occurred, and accordingly, Cox, the contractor, is absolved of liability. We find that the trial court erred in granting summary judgment for Cox because genuine issues of material fact remain whether the owners/developers, in fact, had accepted the project when the accident occurred.
This accident arose out of a diving accident, which rendered Raymond Kendrick a quadriplegic. The essential facts are set forth in the supreme court’s opinion in Kendrick and will not be repeated here. Cox, the contractor who built the pool in which the diving accident occurred, claims that it is absolved from liability because the owners/developers accepted this pool before the accident, and that pursuant to the principles set out in Slavin v. Kay, Cox cannot be held liable for injuries resulting from defects known to them or discoverable by inspection. Cox relies upon answers given by the owners/developers to its request for admissions in which the owners/developers admitted that the pool had been accepted by them as complete and that they had opened the pool for full use by resort guests before Kendrick’s accident. Cox contends that the Kendricks are bound by the owners/developers’ admissions. We disagree. While it is true that the owners/developers admissions are binding upon them, in Florida, and elsewhere, these admissions are not binding upon the party requesting the admission. Black v. Palm Beach County, 342 So.2d 1034 (Fla. 4th DCA 1977); see also discussion in Shell Oil Co. v. Murrah, 493 So.2d 1274 (Miss.1986) citing Black. Certainly, if these admissions are not binding on Cox, they are not binding on the Kendricks who were not parties to this discovery. Whether there was in fact an acceptance relieving Cox of liability remains an issue to be litigated so far as the claims of Kendrick against Cox are concerned. We know of no authority under which one party by the device of discovery admissions can foreclose the right of recovery by a third party against the party requesting the admissions.
Slavin discusses the application of the general rule that contractors are not liable for injuries to third persons occurring after the contractor has completed his work and turned the project over to the owner or employer, and the work has been accepted by him, though the injuries resulted from the contractor’s failure to properly perform his contract. There are several exceptions to the rule, the one most pertinent to this case being that the rule does not apply at all when there is in fact no acceptance by the owner. Slavin, 108 So.2d at 466, citing, Carter v. Livesay Window Co., 73 So.2d 411 (Fla.1954). See *438 also Seitz v. Zac Smith & Co., Inc., 500 So.2d 706 (Fla. 1st DCA 1987). We recognize the generally established principle that the acceptance, which is required from the owner or employer in order to relieve the contractor of liability for injuries to third persons, is a practical acceptance and that a formal acceptance is not required. 2 Fla.Jur.2d Agency & Employment, § 118 (1977). Nevertheless, it is our view that the facts regarding acceptance have not been conclusively demonstrated so as to compel a finding of acceptance as a matter of law, and thus the summary judgment for Cox was premature.
REVERSED and REMANDED for further proceedings.
ERVIN and ALLEN, JJ., concur.