ASPEN PETROLEUM PRODUCTS, INC., a Colorado corporation, Plaintiff–Appellee,

v.

Manal A. ZEDAN, Mahur Zuma Huer Al Duien, and B–Twins Corp., a Colorado corporation, Defendants–Appellants.

No. 04CA0426.

Colorado Court of Appeals, Div. A.

May 5, 2005.

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S. 2004.

Benson & Case, LLP, John Case, Denver, Colorado, for Plaintiff–Appellee.

Gary L. Crandell, P.C., Gary L. Crandell, Denver, Colorado, for Defendants–Appellants.

DAVIDSON, Chief Judge.

In this action concerning unpaid invoices for the delivery and sale of gas, defendants, Manal Zedan, Mahur Zuma Huer Al Duien, and B–Twins Corp., appeal from the trial court's entry of judgment in favor of plaintiff, Aspen Petroleum Products, Inc. The issue on appeal is the binding effect of a request for admission on the requesting party. We conclude that the requesting party is not bound, and therefore, we affirm.

Pursuant to C.R.C.P. 36, plaintiff sent requests for admission to defendants. One request (the zero balance request) stated:

Please admit that, prior to September 27, 2003, there was a zero (0) balance between [plaintiff] and you, thus you owed [plaintiff] no money, and [plaintiff] owed you no money and no credits were pending for future deals.

One week prior to trial, defendants filed this response:

ANSWER: Denied. The Defendant[s] assume[ ] that the date set forth in this request contains typographical error. [Defendants] admit[ ] that as of September 27, 2002, there was a zero balance with [plaintiff].

Immediately after defendants' response was received, plaintiff sent proposed summary exhibits to defendants, which referenced monies owed by defendants to plaintiff for transactions between the parties occurring between June 1, 2001 and October 31, 2002.

On the day of trial, defendants moved in limine for the exclusion of plaintiff's proposed evidence of amounts allegedly owed from transactions occurring prior to September 27, 2002. Defendants argued that plaintiff, through the request for admission, had conclusively established that there was a zero account balance as of September 27, 2002. The trial court, with record support, found that plaintiff's request for admission was mistakenly drafted. The court then denied the motion and allowed plaintiff to "withdraw" the zero balance request for admission.

■ Defendant argues that the trial court's ruling constituted an abuse of discretion. We disagree. We conclude that the courts actions here were proper as a matter of law.

■ Under C.R.C.P. 36, a party may request another party to admit, for purposes of the pending action only, the truth of any matters within the scope of C.R.C.P. 26(b) set forth in the request. The purpose of this rule is to provide both sides with the opportunity to prepare adequately for trial and to prevent undue surprise. *See Conrad v. Imatani,* 724 P.2d 89, 92 (Colo.App.1986); *see also* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure: Civil 2d* § 2252, at 522 (1994) ("[t]he rule is intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial").

Any matter admitted under this rule is conclusively established as to the party admitting the fact. C.R.C.P. 36(b).

Here, by seeking to exclude evidence of monies owed prior to September 27, 2002, defendants attempted to use plaintiff's request, and their own admission, to bind plaintiff. We conclude that, on either ground, they could not.

■ No Colorado appellate court has addressed the binding effect on the requesting

party of a request for admission and the response thereto. However, C.R.C.P. 36 is similar to Fed.R.Civ.P. 36. Therefore, federal law, although not controlling, is instructive. See Benton v. Adams, 56 P.3d 81, 86 (Colo. 2002) ("When a Colorado Rule is similar to a Federal Rule of Civil Procedure, we may look to federal authority for guidance in construing the Colorado rule."); see also Friends of Black Forest Reg'l Park, Inc. v. Bd. of County Comm'rs, 80 P.3d 871, 878 (Colo.App.2003) (looking to federal approach when interpreting C.R.C.P. 36(b)).

Under Fed.R.Civ.P. 36, a request for admission and the admission itself do not bind the requesting party. The purpose of the rule is to bind the party making the admission, not the party requesting it, and the submission of such a request and the response thereto admits nothing as to the requesting party. See Champlin v. Okla. Furniture Mfg. Co., 324 F.2d 74, 76 (10th Cir. 1963)("The submission of requests for admissions by a litigant does not, in and of itself, bind the litigant to the truth or existence of the facts contained in the answers to the requests."); 8A Wright, Miller & Marcus, supra, § 2264, at 580 ("The admission does not bind the party who requested it."); See also Hurt v. Coyne Cylinder Co., 124 F.R.D. 614, 615 (W.D.Tenn.1989)("The purpose of a request for admissions generally is not to discover additional information concerning the subject of the request, but to enforce the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof.").

State courts addressing the issue have reached similar conclusions, and we agree with them. See Black v. Palm Beach County, 342 So.2d 1034, 1035 (Fla.Dist.Ct.App. 1977); Indiana Constr. Serv., Inc. v. Amoco Oil Co., 533 N.E.2d 1300, 1301–02 (Ind.Ct. App.1989); Poulsen v. Russell, 300 N.W.2d 289, 298 (Iowa 1981), Shell Oil Co. v. Murrah, 493 So.2d 1274, 1277 (Miss.1986).

Moreover, we note, defendants' admission to the zero balance request would be inadmissible hearsay. See Friends of Black For-

est Reg'l Park, Inc. v. Bd. of County Comm'rs, supra, 80 P.3d at 878 ("an admission must be offered against the party who made it"); see also 8A Wright, supra, § 2264, at 571–72 ("A party may not utilize its own admissions at the trial. It is only when the admission is offered against the party who made it that it comes within the exception to the hearsay rule for admissions of a party opponent.").

Accordingly, we conclude that plaintiff's request and defendants' admissions did not bind plaintiff to the assertion that a zero account balance existed between the parties as of September 27, 2003 (or September 27, 2002, for that matter).

We note further that defendants' reliance on C.R.C.P. 36(b) to argue that the trial court erroneously allowed plaintiff to "withdraw" its request is similarly misplaced. By its plain terms, that rule applies to the answering party, not to the requesting party. See C.R.C.P. 36(b) ("Any matter admitted under this Rule is conclusively established . . . ." (emphasis added)).

■ To the extent defendants contend that plaintiff failed to comply with the supplemental disclosure requirements of C.R.C.P. 26(e), the case management requirements of C.R.C.P. 16, or the amended and supplemental pleadings directives of C.R.C.P. 15, these arguments were not properly raised in the trial court. Thus, we do not address them here. See Christensen v. Hoover, 643 P.2d 525, 531 (Colo.1982) (issues not presented in the trial court are waived and cannot be raised on appeal).

The judgment is affirmed.

Judge STERNBERG* and Judge HUME* concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2004.