FILED

Sep 07 2023, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANTS

Amy L. Cueller
Striebeck Law P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

James N. Scahill
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Yount and
Susan Yount,

*Appellants-Plaintiffs,*

v.

Carpenter Co. Inc. d/b/a
Carpenter Realtors,
Janet Stitt, and
Patsy L. Coffey,

*Appellees-Defendants*

September 7, 2023

Court of Appeals Case No.
23A-PL-116

Appeal from the
Brown Circuit Court

The Honorable
Mary Wertz, Judge

Trial Court Cause No.
07C01-2004-PL-108

**Opinion by Judge Vaidik**
Judges Mathias and Pyle concur.

**Vaidik, Judge.**

# Case Summary

Indiana Trial Rule 37(A)(4) provides, in part, that when a court grants a motion to compel discovery responses, it must order the party that opposed the motion to pay the moving party's expenses unless the opposition was "substantially justified." Here, the trial court ordered David and Susan Yount ("Plaintiffs") to pay $900 to Carpenter Co., Inc. d/b/a Carpenter Realtors and two of its realtors, Janet Stitt and Patsy L. Coffey, (collectively, "Defendants") after Plaintiffs objected to numerous discovery requests, including requests for admission that asked them to admit or deny that other people made certain statements, knew certain facts, and relied on certain information. We reverse. In objecting, Plaintiffs explained that they could not truthfully admit or deny the matters at issue because they would have to speculate about the statements, knowledge, or reliance of other people. Those objections were not just substantially justified but entirely appropriate.

# Facts and Procedural History

In 2019, Plaintiffs bought property in Brown County from Carrel Moore ("Seller"). Defendants were the realtors in the transaction. Plaintiffs later sued Defendants for fraud, deception, and breach of contract, claiming they made misrepresentations about dock access, water access, the property boundary, and a Surveyor Location Report. Plaintiffs' complaint included claims for attorney's

fees under both the purchase agreement and Indiana's Crime Victims Relief Act, Indiana Code section 34-24-3-1.

[3] Defendants sent Plaintiffs thirty-nine requests for admission and seventeen requests for production. Plaintiffs answered eight of the requests for admission and objected to the other thirty-one. They responded to eleven of the requests for production and objected to the other six. Through letters and a teleconference, the parties' attorneys resolved some of the contested items, but not all.

[4] As a result, Defendants moved to compel answers to eighteen of the requests for admission (1-5, 8-16, and 21-24) and responses to three of the requests for production (7, 8, and 9).[1] Request for admission 1 asked Plaintiffs to admit or deny that Seller "told" Defendants certain information. Appellants' App. Vol. II pp. 111, 121. Requests 2, 4, and 9 asked Plaintiffs to admit or deny that Defendants had "independent knowledge" of certain facts. *Id.* at 111-12, 121-22. Requests 3, 5, 8, and 10 asked Plaintiffs to admit or deny the "knowledge" of Defendants regarding certain facts. *Id.* Requests 11 and 12 asked Plaintiffs to admit or deny that Defendants "relied" on certain statements by Seller. *Id.* at 113, 123. Plaintiffs objected to these requests ("the Factual Requests") on the basis that they called for "speculation" about the statements, knowledge, and

---

[1] The motion to compel also mistakenly referenced request for admission 6, to which Plaintiffs had already responded.

reliance of others and therefore Plaintiffs "cannot truthfully admit or deny the matter." *Id.* at 137-39, 149-51.

[5] Requests for admission 13-16 and 21-24 asked Plaintiffs to admit or deny that Defendants had certain rights and duties under Indiana Code section 25-34.1-10-10, which sets forth the "duties and obligations" of "[a] licensee representing a seller or landlord." Plaintiffs objected to these requests ("the Legal Theory Requests") on the basis that they, as non-lawyers, are "not qualified" to opine on the meaning and applicability of a statute. *Id.* at 139-42, 151-54.

[6] Requests for production 7-9 asked Plaintiffs to produce invoices, payment records, and time and billing records for their attorney's fees relating to this litigation. Plaintiffs objected to these requests on the basis that they are "premature since the reasonableness and amount of attorney's fees [Plaintiffs] will be entitled to recover from the Defendants will be determined by the Court *after* and only to the extent a jury returns a verdict against the Defendants on [Plaintiffs'] fraud and/or deception claims." *Id.* at 178-79, 195-96.

[7] After a hearing, the trial court granted Defendants' motion to compel in large part, ordering Plaintiffs to respond to all the requests except the three requests for admission about Defendants' "independent knowledge" of certain facts. The court found that the term "independent knowledge" is vague and would require Plaintiffs "to guess regarding its meaning." *Id.* at 238. Plaintiffs complied with the court's order to respond to the other requests.

Defendants then moved for sanctions under Trial Rule 37(A)(4), arguing that Plaintiffs' objections to the discovery requests on which the motion to compel was granted had not been "substantially justified." Appellants' App. Vol. III pp. 32-36. The motion stated that Defendants' attorney had spent 6.2 hours on the discovery dispute at a rate of $175 per hour. The trial court ordered Plaintiffs to pay Defendants $900.

Plaintiffs now bring this interlocutory appeal as a matter of right under Indiana Appellate Rule 14(A)(1).

## Discussion and Decision

Plaintiffs contend the trial court erred by granting Defendants' motion for sanctions. Trial courts have broad discretion when ruling on discovery issues, and we will reverse only for an abuse of that discretion. *Huber v. Montgomery Cnty. Sheriff*, 940 N.E.2d 1182, 1185-86 (Ind. Ct. App. 2010).

Under Trial Rule 37(A)(4), when a court grants a motion to compel discovery, it "shall" require the resisting party "to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." A party is "substantially justified" in resisting discovery "if reasonable persons could

conclude that a genuine issue existed as to whether a person was bound to comply with the requested discovery." *Huber*, 940 N.E.2d at 1186.[2]

## I. Requests for Admission

Plaintiffs argue they were substantially justified in objecting to both the Factual Requests and the Legal Theory Requests. Requests for admission are governed by Trial Rule 36, which provides, in relevant part, that "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request[.]" In turn, Trial Rule 26(B) provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party[.]" As our Supreme Court has explained:

> Requests for admission perform a vital role in permitting the parties to identify those legal contentions and issues for which evidentiary proof will not be necessary. Properly used, requests for admissions simplify pre-trial investigation and discovery, facilitate elimination of unnecessary evidence at trial, and reduce

---

[2] In their motion for sanctions, Defendants mistakenly wrote that "reasonable people cannot conclude that the facts requested were relevant to the present litigation and were subject to discovery." Appellants' App. Vol. III p. 34. For the first time on appeal, Plaintiffs suggest this was a concession by Defendants that Plaintiffs acted reasonably in objecting to the discovery requests. Appellants' Br. pp. 8, 10, 11, 14. But surely Plaintiffs' attorney knows that the quoted language was a wording error by Defendants' attorney. The whole point of the motion for sanctions was that Defendants believed Plaintiffs acted unreasonably by resisting the discovery requests. Arguments made based on obvious typographical errors undermine the credibility of counsel and are ineffective.

the time and expense demands upon the parties, their counsel and the courts.

*Gen. Motors Corp., Chevrolet Motor Div. v. Aetna Cas. & Sur. Co.*, 573 N.E.2d 885, 888 (Ind. 1991), *reh'g denied*.

## A. Factual Requests

We begin with the Factual Requests. Those requests asked Plaintiffs to admit or deny that Seller "told" Defendants certain information, that Defendants had "knowledge" of certain facts, and that Defendants "relied" on certain statements by Seller. Plaintiffs again assert they were not required to answer these requests because they could not know definitively, as an opposing party, what Seller told Defendants, what facts Defendants knew, or whether Defendants relied on statements by Seller. We agree. "The essential function of a T.R. 36 request for admission is to establish known facts. If a party wishes to discover unknown facts, he should not resort to T.R. 36. Instead, the party should use other discovery techniques." *Ind. Constr. Serv., Inc. v. Amoco Oil Co.*, 533 N.E.2d 1300, 1301 (Ind. Ct. App. 1989). Defendants could have used alternative discovery tools, such as depositions (Trial Rules 30 and 31) or interrogatories (Trial Rule 33), to discover what Plaintiffs knew or didn't know about the statements, knowledge, and actions of other people.

We also note that while Plaintiffs framed their responses to the Factual Requests as objections, they could just as easily be characterized as answers. Trial Rule 36(A) provides, in part, that a responding party must serve "a written

answer or objection" to a request for admission and that the party can "answer" by "set[ting] forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." That is essentially what Plaintiffs did. In fact, they ended each "objection" by stating that they "cannot truthfully admit or deny the matter."

[15] It is true that Trial Rule 36(A) also includes the following closely related provision:

> An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny or that the inquiry would be unreasonably burdensome.

Here, Plaintiffs' responses did not state that they "made reasonable inquiry and that the information known or readily obtainable by [them] is insufficient to enable [them] to admit or deny or that the inquiry would be unreasonably burdensome." But Defendants do not cite this part of the rule, and we do not believe it applies to this situation. Even with "reasonable inquiry," Plaintiffs could not know with certainty what Seller told Defendants, what knowledge Defendants had about particular facts, or whether Defendants relied on Seller's statements. The "reasonable inquiry" requirement is necessarily limited to facts that parties are personally capable of discovering (e.g., information about themselves or their property, statements they themselves have made or heard,

or actions they have taken) and doesn't extend to statements between others or the knowledge or reliance of others.

[16] For these reasons, we conclude that Plaintiffs' responses to the Factual Requests were not just substantially justified but entirely appropriate.

## B. Legal Theory Requests

[17] We reach the opposite conclusion as to the Legal Theory Requests. Those requests asked Plaintiffs to admit or deny that Defendants had certain rights and duties under Indiana Code section 25-34.1-10-10, the statute establishing the duties and obligations of a seller's realtor. Plaintiffs argue they were not required to answer these requests because determining what the statute does or does not demand of a realtor would require them to "engage in statutory construction—an exercise strictly reserved for the courts." Appellants' Br. p. 18. They cite no authority in support of this objection. And as the trial court noted in its order on Defendants' motion to compel, our courts have held that Trial Rule 36 "permits a request for admission regarding an opinion, a contention, or a legal conclusion, if the request is related to the facts of the case." *Gen. Motors Corp.*, 573 N.E.2d at 888 (citing *Ind. Constr. Serv.*, 533 N.E.2d 1300). Plaintiffs do not attempt to distinguish this caselaw and do not dispute that Defendants' requests addressing Section 25-34.1-10-10 relate to the facts of this case. Plaintiffs' objections to the Legal Theory Requests were not substantially justified.

## II. Requests for Production

Plaintiffs also contend their objections to the requests for attorney-fee documents were proper. We disagree. The requests asked Plaintiffs to produce invoices, payment records, and time and billing records for their attorney's fees relating to this litigation. Requests for production are governed by Trial Rule 34, which provides, in relevant part, that a party can request any documents "which constitute or contain matters within the scope of [Trial] Rule 26(B) and which are in the possession, custody or control of the party upon whom the request is served[.]" Again, Trial Rule 26(B) authorizes discovery on "any matter, not privileged, which is relevant to the subject-matter involved in the pending action[.]" Plaintiffs renew their argument that they were not required to produce information about their attorney's fees because their request for a fee award "was contingent on a jury returning a favorable verdict on [Plaintiffs'] fraud and deception claims against [Defendants]" and therefore "was not yet ripe." Appellants' Br. p. 19. The trial court correctly rejected this argument. Because Plaintiffs expressly sought an award of attorney's fees in their complaint, the documents sought in these requests are unquestionably relevant to the subject matter of this case. As Defendants note, having this information before trial would allow them to evaluate their potential liability and establish a settlement position. Plaintiffs' objections to these requests were not substantially justified.

## III. Sanctions

Now that we have ruled in Plaintiffs' favor on some issues and Defendants' favor on others, we must decide whether to disturb the trial court's $900 sanction award to Defendants. As noted above, Trial Rule 37(A)(4) provides that when a motion to compel is granted, an award of expenses to the moving party is generally appropriate. But the rule also provides that when a motion to compel is denied, an award of expenses to the opposing party is generally appropriate. Ind. Trial Rule 37(A)(4). And when a motion to compel is granted in part and denied in part, "the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." *Id.*

Here, Defendants were largely successful on their motion to compel, but not completely. The trial court ruled that Plaintiffs were not required to answer three of the requests for admission. And now, we have determined that Plaintiffs properly objected to seven additional requests for admission. This means that, ultimately, out of the twenty-one discovery requests addressed in Defendants' motion to compel (eighteen requests for admission and three requests for production), Defendants prevailed on eleven and Plaintiffs prevailed on ten. That is close enough to a wash that an award of expenses to Defendants is unwarranted. We therefore reverse the trial court's sanction order.

Reversed.

Mathias, J., and Pyle, J., concur.