GENERAL MOTORS CORPORATION, CHEVROLET MOTOR DIVISION
Appellant (Defendant Below),

v.

AETNA CASUALTY & SURETY CO.
Appellee (Plaintiff Below).

No. 25S03–9106–CV–489.

Supreme Court of Indiana.

June 26, 1991.

Rehearing Denied Sept. 18, 1991.

Don G. Blackmond, South Bend, for appellant.

Timothy J. Walsh, South Bend, for appellee.

DICKSON, Justice.

This case presents questions regarding the use and scope of requests for admissions under Ind.Trial Rule 36. Decisions of the Court of Appeals are in conflict on these issues. We grant transfer to provide guidance to the bench and bar.

Plaintiff-appellee Aetna Casualty & Surety Co. (Aetna) commenced this product liability action in April, 1987, to recoup a $12,125.00 claim payment for fire damage to a mobile dental facility owned by its insured, Hartford Dental Society, Inc. The vehicle was built on a chassis and engine designed and manufactured by defendant-appellant General Motors Corporation, Chevrolet Motor Division (G.M.). Named as defendants in the action were G.M. and Barth, Inc., the assembler and seller of the specialized vehicle. On August 29, 1988, Aetna served upon both defendants identical requests for admissions. Appended to the requests were copies of the reports of engineering consultants who had inspected and evaluated the vehicle following the fire. Barth sought and received an enlargement of time to respond until October 31, 1988. On October 4, 1988, Aetna filed a motion for summary judgment against G.M. based upon requested admissions deemed admitted by G.M.'s failure to timely respond pursuant to T.R. 36. The trial court scheduled a hearing on the motion for summary judgment for December 29, 1988. Barth filed its responses to Aetna's request for admissions on October 27, 1988. On the date for hearing the motion for summary judgment, G.M. filed its motion to withdraw its admission to requests numbered 13, 27 and 30.[1] The trial court de-

---

1. The questioned admissions were:

13. At the time said motor vehicle was conveyed by the seller to the purchaser, and at the time of the aforesaid fire, the aforesaid specialized motor home was in a defective condition, not contemplated by reasonable persons among those considered expected users of it, including Hartford Dental Society, Inc., and was unreasonably dangerous to the expected users thereof, who were using it in a reasonably expectable way.

27. That the defendants herein, at the times and places aforesaid, put said specialized motor home into the stream of commerce in a defective condition, unreasonably dangerous to the users thereof and to their property, namely, the specialized motor home itself, and are therefore liable for the physical harm caused by the product to the product itself as well as for any other

nied G.M.'s motion to withdraw the admissions and entered summary judgment against G.M. The Court of Appeals reversed. *General Motors v. Aetna Cas. & Sur. Co.* (1990), Ind.App., 559 N.E.2d 362.

Requests for admissions are governed by T.R. 36 which provides:

(A) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within a period designated in the request, not less than thirty [30] days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny or that the inquiry would be unreasonably burdensome. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Rule 37(B), deny the matter or set forth reasons why he cannot admit or deny it.

The party who has requested the admissions may move for an order with respect to the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(A)(4) apply to the award of expenses incurred in relation to the motion.

(B) Effect of Admission. Any matter admitted under this rule is conclusively

economical or consequential damages arising therefrom since the defendant, Barth, Inc., is a seller engaged in the business of manufacturing and selling such motor vehicles and the defendant, General Motors Corporation, Chevrolet Motor Division, is a manufacturer and seller of components thereof, which said products did reach the users without substantial alteration in the condition in which they were sold by the defendants.

30. That as to those products and/or goods that were sold by the respective defendants, both of the defendants did, by operation of the terms and provisions of the Indiana Uniform Commercial Code, impliedly warrant to Hartford Dental Society, Inc. that the aforesaid specialized motor home and/or its components were fit for the purposes for which they were specifically designed and/or intended, that said goods were safe and suitable to be used by the plaintiff's insured in connection with the particular purpose of its business which was to provide a mobile dental office where dental services could be rendered to the patients of Hartford Dental Society, Inc., and which said particular purpose the defendants were aware of on and before April 19, 1985.

established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by·him for any other purpose nor may it be used against him in any other proceeding.

### Scope of Requests for Admissions

■ In reversing the judgment of the trial court, the Court of Appeals opined that T.R. 36 was not intended to include admissions posed in terms of ultimate legal conclusions rather than evidentiary matters and described Aetna's use of the requested admissions as "procedural land mines ... offensive to the overriding purpose of the rules." 559 N.E.2d at 365. We disagree.

By its express terms, the rule permits requests for admission addressed to "any matters" rather than "any facts." It further prohibits objection based on the ground that the requested admission presents a genuine issue for trial. The corresponding Fed.R.Civ.P. 36, permits requests for admission "of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact including the genuineness of any documents described in the request." In contrast, the counterpart language in the Indiana rule authorizes requests for admission "for purposes of the pending action only, of the truth of any matters ... including the genuineness of any documents described in the request." Significantly, Indiana's T.R. 36 does not incorporate the phrase "that relate to statements or opinions of fact or of the application of law to fact" contained in the federal rule. This difference makes the Indiana rule more expansive than the federal rule

and permits a request for admission regarding an opinion, a contention, or a legal conclusion, if the request is related to the facts of the case. *Ind. Constr. Serv. Co. v. Amoco Oil Co.* (1989), Ind.App., 533 N.E.2d 1300; 3 W. Harvey, *Indiana Practice– Rules of Procedure Annotated* § 36.1 (1988).

Under our rules of procedure, the final determinative legal issues in a case are often not identified in its early stages. The initial complaint may consist of a short and plain statement of a proper claim, along with a demand for the relief sought, and claims may be asserted alternatively or hypothetically. Ind.Trial Rule 8(A), (E). In response, a defendant will answer the allegations of a complaint by general or specific denial of designated averments, or by stating a lack of knowledge or information sufficient to form a belief as to the truth thereof. T.R. 8(B). It is then expected that the parties will use interrogatories, depositions, requests for production, physical and mental examinations, requests for admission, and pre-trial procedure to develop, simplify, and otherwise formulate the issues for trial. Requests for admission perform a vital role in permitting the parties to identify those legal contentions and issues for which evidentiary proof will not be necessary. Properly used, requests for admissions simplify pre-trial investigation and discovery, facilitate elimination of unnecessary evidence at trial, and reduce the time and expense demands upon the parties, their counsel and the courts. To achieve these purposes, T.R. 36 requests are not limited to purely evidentiary matters, but may also seek admissions as to legal issues, contentions, and conclusions, if related to the facts of the case.

In its appeal of the trial court's summary judgment, G.M. presents two arguments: a) abuse of trial court discretion in denying withdrawal of certain requested admissions; and b) presence of factual issues precluding summary judgment.

### Denial of Withdrawal of Admissions

Under T.R. 36(B) matters admitted are deemed "conclusively established" unless

the trial court permits withdrawal or amendment of the admission. Like the identical language in the federal rule, the portion of our rule authorizing limited withdrawal or amendment is intended to avoid the binding effect of inadvertent admissions.

Although an admission should ordinarily be binding on the party who made it, there must be room in rare cases for a different result, as when an admission no longer is true because of changed circumstances or through honest error a party has made an improvident admission.

8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2264 (1970). However, as emphasized by the Advisory Committee Notes to the 1970 amendments to the federal rule:

Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated.

48 F.R.D. at 534.

■ Thus the rule itself limits the discretion of a trial court in ruling on a motion to withdraw admissions under T.R. 36(B). The court cannot grant such motion unless it determines both (1) that withdrawal or amendment will subserve the presentation of the merits and (2) that prejudice in maintaining the action or defense will not result to the party obtaining the admission. Even if both of these conditions are satisfied, the rule does not compel the trial court to grant withdrawal or amendment. Rather, the rule states that the court "may" then grant such request.

■ In the present case, G.M.'s admissions occurred on approximately September 30, 1988, by reason of its failure to answer, object, or seek an enlargement of time pursuant to T.R. 36. At this point, trial was already set for March 7, 1989. G.M. took no action to claim inadvertence and seek prompt amendment or withdrawal of its admissions despite receiving notice of codefendant Barth's being granted an extension of time, on September 9, 1988, within which to respond to the request for admissions, despite the filing of Aetna's motion for summary judgment on October 4, 1988, which expressly cited and relied upon G.M.'s said admissions, and despite notice that on October 28, 1988, Barth filed its responses to Aetna's request for admissions. It was not until December 29, 1988, the date set for argument on Aetna's motion for summary judgment, that G.M. first sought withdrawal of its admissions. No other pleadings had been filed between August 30, 1988, and December 29, 1988. Trial was then only two months away, and G.M.'s delay in denial of the requested admissions had operated to deprive Aetna of three months time for the development of its proof upon the admitted issues. Neither G.M.'s motion to withdraw admissions nor its supporting memorandum presented the trial court with any claim or indication that its failure to timely respond was inadvertent, that it had nevertheless continued to actively contest the issues involved in the challenged admissions, or that Aetna was aware that G.M. intended to contest the admitted issues at trial.

Under these circumstances we cannot find erroneous the trial court's decision denying withdrawal of the admissions. We do not find that both of the criteria in the rule were conclusively demonstrated. In addition, we find no abuse of discretion.

### Summary Judgment

■ G.M. urges that there exists a genuine issue of material fact concerning the extent of the modification of its chassis and engine and as to the extent of any G.M. warranties. G.M. argues that comparing the two engineering reports attached to Aetna's request for admissions demonstrates clear issues of material fact as to the origin of the fire, its proximate cause, and product modification following manufacture by G.M. We find such argument unavailing. G.M. admitted the bases of liability set forth in admissions 13, 27, and 30. In addition, G.M. admitted requested admissions 14, 15, 16, 18, 22, 26, 28, and 29 (cause of fire as carburetor design, manufacture by G.M., absence of fault of Aetna

or its insured, and damages). Finally, in response to Aetna's motion for summary judgement it failed to present any contrary evidence demonstrating a genuine issue for trial.

G.M. argues that summary judgment is precluded because issues of fact were generated by G.M.'s admission of those requests for admissions relating to Barth's conduct as a proximate cause of the fire. We disagree. The attempts of G.M. to "admit" a basis of liability and proximate cause as to Barth are unavailing. Such admissions apply to and bind only the answering party, not a co-defendant. *Shoup v. Mladick* (1989), Ind.App., 537 N.E.2d 552. Likewise, the propounding of a request for admission does not constitute an admission by the requesting party. It does not have the legal effect of a stipulation, but rather is binding only as to the party admitting the request. *Ind. Constr. Serv. Co.*, 533 N.E.2d 1300 at 1301. G.M.'s admissions relevant to its own liability leave nothing further for Aetna to prove as to its claim against G.M.

We conclude that in entering summary judgment against G.M., the trial court was correct. Transfer is granted. The judgment of the trial court is affirmed.

SHEPARD, C.J., and KRAHULIK, J., concur.

DeBRULER and GIVAN, JJ., dissent.