

**FILED**

May 23 2016, 8:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chad D. Wuertz
Wuertz Law Office, LLC
Indianapolis, Indiana

APPELLEE PRO SE

Gersh Zavodnik
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Douglas Costello and Profit
Search, Inc.,

*Appellants-Defendants,*

v.

Gersh Zavodnik,

*Appellee-Plaintiff.*

May 23, 2016

Court of Appeals Case No.
49A04-1504-PL-163

Appeal from the Marion Superior
Court

The Honorable J. Jeffrey Edens,
Special Judge

Trial Court Cause No.
49D10-1011-PL-49972

**Vaidik, Chief Judge.**

# Case Summary

When Massachusetts resident Douglas Costello posted a used printer on Craigslist in 2009, he could not have predicted that he would spend much of the next seven years locked in a legal battle in Indiana. But he sold the printer—for less than $75—to Gersh Zavodnik, who has a penchant for suing after entering into online transactions. Zavodnik, claiming the printer was defective, sued Costello in small-claims court. He asked for the small-claims maximum of $6000, but Costello defended the case and prevailed, based on the fact that Zavodnik had prematurely disposed of the printer. Unfazed, Zavodnik appealed the matter to superior court, where he was allowed to conduct discovery. Zavodnik sent Costello requests for discovery pursuant to Indiana Trial Rule 36(A), asking Costello to admit, among other things, that he is liable for $30,044.07. Costello, who remained unrepresented following his victory in small-claims court, failed to respond (he later said he never received the requests). When Costello learned that his failure to respond rendered the matters admitted under Rule 36(A), he hired an attorney and moved to withdraw the admissions under subsection (B) of the rule. The trial court, believing itself constrained by our Supreme Court's interpretation of Rule 36, denied Costello's motion and awarded Zavodnik a judgment of $30,044.07. In light of Zavodnik's abuse of Rule 36, we conclude that the trial court should have granted Costello's motion.

# Facts and Procedural History

[2] As our Supreme Court has recognized, Zavodnik is a "prolific, abusive litigant." *Zavodnik v. Harper*, 17 N.E.3d 259, 261 (Ind. 2012). He spends much of his life prosecuting lawsuits against individuals and businesses with whom he has entered into online transactions. *See Zavodnik v. Richards*, 984 N.E.2d 699, 701 n.2 (Ind. Ct. App. 2013), *aff'd on reh'g*, 988 N.E.2d 806 (Ind. Ct. App. 2013). This is the second time this particular case has been before us. The first time, it had been dismissed, along with twenty-six other cases Zavodnik had filed, pursuant to Indiana Trial Rule 41(E), which provides for dismissal when a plaintiff fails to diligently prosecute the case or comply with court rules. *Zavodnik v. Gehrt*, No. 49A02–1105–CT–393, slip op. at 10-11 (Ind. Ct. App. Mar. 1, 2012) (memorandum decision). We affirmed the dismissal of most of the cases but reversed the dismissal of this case because there was no indication in the record that the trial court had held the formal hearing required by Rule 41(E). *Id.* at 21-22.

[3] The transaction underlying this case occurred in late 2009, when Zavodnik purchased a used printer from Costello, a resident of Massachusetts, on Craigslist. The exact price is not clear from the record, but it is undisputed that Zavodnik paid Costello less than $75. A few months after Zavodnik received the printer, he sued Costello in small-claims court, alleging that it was defective and seeking $6000 in damages (at the time, the maximum recovery in Marion County small-claims courts). After holding a hearing at which both parties appeared without counsel, the small-claims court entered judgment in favor of

Costello, having found that Zavodnik had disposed of the printer with an "intent to suppress evidence." Appellee's App. p. 240-42.

[4]     In November 2010, Zavodnik appealed the matter to the superior court to be tried de novo. On December 14, 2010, he sent Costello a set of requests for admission pursuant to Indiana Trial Rule 36. Among other things, Zavodnik asked Costello to admit that "you" and "your Corporation" (presumably a reference to Profit Search Inc., which Zavodnik later added as a defendant) (1) entered into a contract with Zavodnik, (2) breached the contract, and (3) are liable to Zavodnik for $30,044.07 "for breaching the legally binding contract[.]" Appellants' App. p. 63-68. In accordance with Rule 36, Zavodnik instructed Costello to respond to the requests within thirty days.

[5]     As of March 2, 2011, Costello, who was still proceeding without counsel after prevailing in small-claims court, had not responded to Zavodnik's requests. That was the day, however, that the trial court dismissed this case and twenty-six others pursuant to Rule 41(E). As indicated above, Zavodnik appealed all of those dismissals, and it was not until a year later, on March 1, 2012, that we revived his action against Costello and remanded the case to the trial court for further proceedings. *Gehrt*, slip op. at 21-22.

[6]     On remand, the case lingered for nine months with no substantive action until a pre-trial conference on December 13, 2012. A few days later, Zavodnik sent Costello a second set of requests for admission, asking Costello to admit that he and the judge "conspir[ed]" and "plotted" against Zavodnik and that he is liable

to Zavodnik for more than $300,000. Appellants' App. p. 72, 77. The next month, Zavodnik sent a third set of requests, this time asking Costello to admit, among other things, that he is liable to Zavodnik for more than $600,000. *Id.* at 83. Costello did not respond to Zavodnik's second and third sets of requests.

[7]   In early 2013, Zavodnik also started filing requests to have the judge removed from the case. The Indiana Supreme Court eventually appointed a different judge. In May 2013, after the case had been transferred to the new judge, Zavodnik filed a motion to have all of the matters set forth in his three sets of requests for admission deemed admitted, based on Costello's failure to respond. While Rule 36 does not require either a motion or a hearing—matters set forth in requests that are not responded to are deemed admitted by the rule itself—the trial court held a hearing on Zavodnik's motion on July 5, 2013. Zavodnik appeared but Costello did not. On July 10, 2013, the trial court issued an order acknowledging that all of the matters set forth in Zavodnik's requests were admitted by operation of Rule 36.

[8]   After receiving the court's order, Costello contacted the court and was told to file any response to the order in writing. Costello then filed a motion to have the order vacated, claiming that he had never received (1) Zavodnik's requests for admission or (2) notice that a hearing would be held on July 5, 2013.[1] Meanwhile, Zavodnik, armed with Costello's admissions, filed a motion for

---

[1] Costello's claims in this regard may have merit, but our resolution of this matter in his favor makes it unnecessary for us to address them.

summary judgment and a 75-page memorandum in support. On November 15, 2013—the trial court having made no decision on Costello's motion to vacate—an attorney entered an appearance on behalf of Costello and filed a motion under Rule 36(B) formally seeking permission to withdraw the admissions.

[9] The parties' motions remained pending for the next fifteen months, during which Zavodnik made multiple requests to have the new judge removed from the case and filed numerous lengthy motions. One motion Zavodnik filed had a caption that was more than a page long and accused Costello of perpetrating "wishy-washy wiggly deceptions." Appellants' App. p. 422-23. Zavodnik also filed a federal lawsuit against the judge, which was immediately dismissed.

[10] On September 30, 2014, our Supreme Court issued an opinion in another of Zavodnik's cases. *See Zavodnik v. Harper*, 17 N.E.3d 259. The Court actually denied Zavodnik's petition to transfer in that case, but it issued an opinion that "gives guidance to this state's courts on some options when confronted with abusive and vexatious litigation practices." *Id.* at 261-62. The Court noted:

> Nothing Mr. Zavodnik has filed or done in this case shows any desire to litigate this case expeditiously to resolution on the merits. Rather, he has burdened the opposing party and the courts of this state at every level with massive, confusing, disorganized, defective, repetitive, and often meritless filings. And this Court has previously warned Mr. Zavodnik against continuing such abusive and burdensome litigation tactics.

*Id.* at 263. The Court identified several measures that judges can take in dealing with abusive litigants, such as putting limits on the nature and size of future

filings. *Id.* at 268-269. Finally, while the Court refrained from imposing any specific sanctions or restrictions on Zavodnik, it warned him that he "can expect any further abusive litigation practices in any judicial forum in this state to be met with appropriate sanctions and restrictions." *Id.* at 270. Taking notice, the trial court in this case quickly issued an order subjecting Zavodnik to many of the filing restrictions that the Supreme Court had identified in its *Zavodnik v. Harper* opinion.

[11] Zavodnik laid low for the next few months. However, on February 19, 2015, the day the trial court was finally able to hold a hearing on Zavodnik's motion for summary judgment and Costello's motion to withdraw admissions, Zavodnik came prepared with a new 53-page motion to disqualify the judge. In the motion, which began with a seven-line, 65-word title, Zavodnik characterized the Supreme Court's opinion as follows: "Zavodnik-character-assassinating-September 30th, 2014-biased-and-prejudiced-based-on-falsified-and-fabricated-capricious opinion issued by the Indiana Supreme Court, who will be held responsible for the said lies, the very same Supreme Court, which had no jurisdiction to issue that opinion[.]" Appellants' App. p. 443. The trial court forged ahead with the scheduled hearing.

[12] In a written order issued a month later, the trial court granted Costello permission to withdraw some of the admissions but not others. Most relevant to our decision, Costello was permitted to withdraw his admissions that he is liable to Zavodnik for more than $300,000 and $600,000, but not the admission that he is liable for $30,044.07. In explaining this result, the trial court noted

that Zavodnik asserted damages of $30,044.07 in relation to "a specific liability for breach of contract" (Zavodnik's request said "$30,044.07 *for breaching the legally binding contract*" (emphasis added)) but asserted the higher amounts "without specifically identifying the basis for the damages." Appellants' App. p. 37, 43-44.

[13] Based on the surviving admissions, the trial court granted summary judgment in favor of Zavodnik in the amount of $30,044.07. The court acknowledged that this amount is "seemingly high" and that the judgment "may seem extreme for the breach of contract for the purchase of a printer," but it concluded that the judgment "reflects the limited discretion the Court feels that it has in the matter pursuant to Trial Rule 36(B) and the Indiana Supreme Court's interpretation of Trial Rule 36(B) pursuant to *General Motors Corp., Chevrolet Motor Div. v. Aetna Casualty & Surety Co.*[, 573 N.E.2d 885 (Ind. 1991), *reh'g denied*]." Appellants' App. p. 43, 55.

[14] Costello now appeals, and Zavodnik cross-appeals. The CCS for this matter indicates that since the trial court entered its judgment, Zavodnik has obtained yet another change of judge and has made many additional filings.

# Discussion and Decision

[15] Costello contends that the trial court should have (1) allowed him to withdraw all—not just some—of his Rule 36 admissions and (2) denied Zavodnik's motion for summary judgment, which was based on the admissions. Zavodnik

makes the converse arguments in his cross-appeal: that the trial court should have (1) denied Costello's motion to withdraw in its entirety and (2) awarded Zavodnik a much higher judgment. Because both appeals turn on the propriety of the trial court's decision on Costello's motion to withdraw admissions, we need not address the two appeals separately.

[16] The withdrawal of admissions is governed by Indiana Trial Rule 36(B), which provides, in part:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

This provision grants our trial courts discretion in deciding whether to allow the withdrawal of admissions, and we will reverse only for an abuse of that discretion. *City of Muncie v. Peters*, 709 N.E.2d 50, 54 (Ind. Ct. App. 1999), *reh'g denied*, *trans. denied*.

[17] Here, we must conclude that the trial court abused its discretion when it denied part of Costello's motion to withdraw his admissions. There is no question that presentation of the merits of the action will be subserved by allowing the withdrawal. As demonstrated by the trial court's grant of summary judgment in favor of Zavodnik, Costello's admissions, if allowed to stand, would bring

this litigation to an end without *any* presentation of the merits. Requiring Zavodnik to prove the merits of his case is particularly appropriate in light of the fact that he already lost on the merits in the small-claims court based on his decision to dispose of the printer not long after he purchased it. With regard to damages, Zavodnik did not ask Costello to admit any facts that would justify an award of damages in excess of the purchase price. His failure in this regard strongly indicates that his requests asserting more than $30,000 in damages (at least 400 times more than the purchase price) had no basis in reality.

[18] Furthermore, allowing Costello to withdraw his admissions would not prejudice Zavodnik in maintaining his action on the merits. As used in Rule 36(B), the word "'prejudice' does not mean that the party who has obtained the admissions will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of his case." *Corby v. Swank*, 670 N.E.2d 1322, 1326 (Ind. Ct. App. 1996). Here, Zavodnik would suffer no such detriment. The matter has not yet been set for trial, Zavodnik still has time to prepare his case, and there is no evidence that he has relied on Costello's admissions in a way that would impair his ability to prepare his case. The fact that Zavodnik would have to spend time and money preparing his case does not constitute "prejudice"; he would simply be in the same position as most other civil plaintiffs in Indiana, having to marshal the evidence in his favor and prove his case in court.

[19] As the trial court noted, our Supreme Court held in *General Motors Corp.* that even if both of the conditions stated in Rule 36(B) are satisfied, the rule's use of

the word "may" means that the trial court retains discretion to deny a motion to withdraw. 573 N.E.2d at 889. But that discretion should be reserved for close calls like that presented in *General Motors Corp.* There, the requests for admission that were at issue were narrowly tailored to the actual facts and law of the case, *id.* at 886 n.1, the motion to withdraw was not filed until two months before the scheduled trial, *id.* at 889, and there had been no prior indication that the moving party intended to contest the admitted matters, *id.* Under those circumstances, it made sense for our Supreme Court to yield to the discretion of the trial court.

[20] This case is nothing like *General Motors Corp.* Far from crafting narrow requests aimed at the actual merits of the case, Zavodnik asked Costello to admit that he was liable for $30,000, $300,000, or even $600,000 without also asking him to admit facts that would justify such an extraordinary award in a case involving a used printer sold for less than $75. Furthermore, as already mentioned, there was no trial date set, let alone a date that was just two months away. And Zavodnik certainly knew that Costello contested the matters at issue: Costello had already defended the case on the merits—and won—at the small-claims level.

[21] More fundamentally, the plaintiff in *General Motors Corp.* did not ask the defendant to admit liability 400, 4000, or 8000 times greater than the amount originally in dispute, as Zavodnik did here. Zavodnik's misuse of Rule 36 is plain. He did not send requests claiming $30,000 and $300,000 and $600,000 in damages because he believes those figures are legally justified and thought

Costello might agree; he sent them because he hoped Costello would not respond, rendering the matters admitted by operation of Rule 36. An important purpose of the rule is to more quickly and efficiently reach a resolution based on the actual facts; Zavodnik used the rule as a way to *avoid* such a resolution. The trial court's partial denial of Costello's motion to withdraw served to ratify Zavodnik's blatant abuse of the rule. *See, e.g., Wilcox v. Birtwhistle*, 987 P.2d 727, 733 (Cal. 1999) (explaining that permitting withdrawal of admissions eliminates "undeserved windfalls and the resulting subversion of the policy favoring the resolution of lawsuits on the merits"); *St. Mary v. Superior Court*, 223 Cal. App. 4th 762, 783 (2014) ("The purpose of the RFA procedure is to expedite trials and to eliminate the need for proof when matters are not legitimately contested. The RFA device is not intended to provide a windfall to litigants. Nor is the RFA procedure a 'gotcha' device[.]"); *Lucas v. Clark*, 347 S.W.3d 800, 803 (Tex. Ct. App. 2011) ("The rule regarding requests for admissions was designed, not as a trap to prevent the presentation of the truth in a full hearing but as a tool for the fair disposition of litigation with a minimum of delay."), *reh'g overruled*, *rev. denied*.

[22] And things could have been worse. As noted above, the trial court reaffirmed Costello's admission to $30,044.07 in damages because Zavodnik's assertion of that amount "relates directly to a specific liability for breach of contract," that is, his assertion of $30,044.07 included the phrase "for breaching the legally binding contract." Appellants' App. p. 37, 43. However, the trial court allowed Costello to withdraw his admissions that he owes $300,000 and

$600,000 because the underlying requests did not "specifically identify[] the basis for the damages." *Id.* at 38, 44. Following this logic, the trial court would have granted Zavodnik a judgment for $600,000, or $6,000,000, or $60,000,000, if Zavodnik had simply linked such an amount to the phrase "for breaching the legally binding contract." We believe the withdrawal provisions of Rule 36(B) require a more probing inquiry than that.

[23] The trial court abused its discretion by partially denying Costello's motion to withdraw admissions; it should have granted the motion in full. Because the trial court granted summary judgment in favor of Zavodnik based on the unwithdrawn admissions, we reverse the judgment and remand this matter to the trial court. Before conducting any further proceedings, the trial court shall hold a hearing for purposes of determining whether this case should be dismissed pursuant to Trial Rule 41(E), based on Zavodnik's repeated, flagrant, and continuing failure to comply with Indiana's rules of procedure.

[24] Reversed and remanded.

Barnes, J., and Mathias, J., concur.