ATTORNEYS FOR PETITIONER:
**NATHAN J. HAGERMAN**
**JEFFREY D. STEMERICK**
TAFT STETTINIUS & HOLLISTER LLP
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
INDIANA ATTORNEY GENERAL
**EVAN W. BARTEL**
**WINSTON LIN**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

FILED
Sep 23 2016, 4:27 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

| | |
|---|---|
| THOR INDUSTRIES, INC. AND SUBSIDIARIES, ) ) ) | |
| Petitioners, ) ) ) | |
| v. ) | Cause No. 49T10-1508-TA-00027 |
| ) | |
| INDIANA DEPARTMENT OF STATE REVENUE, ) ) ) | |
| Respondent. ) | |

## ORDER ON PETITIONERS' MOTION TO WITHDRAW ADMISSIONS

**FOR PUBLICATION**
**September 23, 2016**

WENTWORTH, J.

Thor Industries, Inc. and Subsidiaries (collectively "Thor") has moved to withdraw twenty-nine separately numbered requests for admissions that were conclusively admitted by operation of law when Thor failed to timely respond to the Indiana Department of State Revenue's First Request for Admissions. The Court grants Thor's motion.

**FACTS AND PROCEDURAL HISTORY**

On August 6, 2015, Thor initiated an original tax appeal challenging the Department's Proposed Assessments of additional adjusted gross income tax, interest, and penalties for the tax periods ending on July 31, 2008, July 31, 2009, and July 31, 2010. On June 9, 2016, about a week before settlement negotiations commenced, the Department served Thor with its First Request for Admissions that asked Thor in effect to repudiate the allegations in its petition within 30 days. On July 18, 2016, after the time for responding lapsed, the Department contacted Thor to inquire about the status of its response. Four days later, the Department moved for summary judgment and designated as evidence, among other things, its First Request for Admissions. On July 27, 2016, Thor filed a Motion to Withdraw Admissions and Request for Oral Argument. On August 26, 2016, the Court held an attorney's conference to discuss matters associated with the pending motions. That same day, the Court denied Thor's request for oral argument. Additional facts will be supplied as necessary.

**LAW AND ANALYSIS**

Indiana Trial Rule 36(B) governs requests to withdraw admissions. See Ind. Trial Rule 36(B). Specifically, Trial Rule 36(B) provides that "the court may permit withdrawal or amendment [of admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." T.R. 36(B). "The party seeking withdrawal has the burden of demonstrating that the presentation of the merits will be subserved by withdrawal, and the party who has obtained the admissions has the burden of demonstrating that it will be prejudiced if

2

the [] court permits withdrawal." Cross v. Cross, 891 N.E.2d 635, 640 (Ind. Ct. App. 2008) (citation omitted). Even if both of these conditions are satisfied, however, the Rule does not compel the Court to grant withdrawal or amendment. See General Motors Corp., Chevrolet Motor Div. v. Aetna Cas. & Sur. Co., 573 N.E.2d 885, 889 (Ind. 1991).

## I. Would Withdrawal Subserve the Presentation of the Merits

Thor claims that the presentation of the merits will be subserved by the withdrawal of its admissions because it would prevent the litigation from ending without addressing matters that are the basis of the Department's Proposed Assessments. (See Pet'rs' Br. Supp. Their Mot. Withdraw Admis. ("Pet'rs' Br.") at 7-9.) Indeed, a comparison of Thor's petition with Thor's deemed admissions supports this claim. (Compare Pet'rs' Br., Ex. A ¶¶ 8-27 with Pet'rs' Br., Ex. F at 5-13.) The Department, however, asserts that Thor cannot meet its burden by 1) simply claiming that the admissions go to the core issues or 2) making a blanket request for withdrawal. (See Resp't Mem. Opp'n Pet'rs' Mot. Withdraw Admis. ("Resp't Mem.") at 8-9.)

## A. The Core Issues

The Department first claims that Thor cannot demonstrate that the merits of the case will be subserved solely by showing that the admitted matters concern the core issues in the case. (See Resp't Mem. at 8 (citing Bryant v. County Council of Lake County, 720 N.E.2d 1, 6 (Ind. Ct. App. 1999), trans. denied).) More recently, however, the Court of Appeals has clarified that a litigant may meet its burden of establishing that withdrawal will subserve the presentation of the merits in this manner. See generally Costello v. Zavodnik, 55 N.E.3d 348 (Ind. Ct. App. 2016). Nonetheless, even if the

3

proposition in <u>Bryant</u> on which the Department relies were not suspect, it is well settled that Court of Appeals' decisions are persuasive, but not controlling, authority by which the Court is bound. <u>See, e.g.</u>, <u>LeSea Broad. Corp. v. State Bd. of Tax Comm'rs</u>, 512 N.E.2d 506, 509 (Ind. Tax Ct. 1987), <u>adopted by</u> 511 N.E.2d 1009 (Ind. 1987) (demonstrating, among other things, that decisions of the Indiana Court of Appeals are persuasive, not controlling authority in the Tax Court). Accordingly, the Department's argument that Thor has not shown that withdrawal will subserve the presentation of the merits on this basis is not persuasive.

### B. The Blanket Request for Withdrawal

The Department has also asserted that Thor cannot meet its burden to establish that the presentation of the merits of its case will be subserved by the withdrawal of its admissions because blanket requests for the withdrawal of deemed admissions are prohibited by Trial Rule 36(A). (<u>See</u> Resp't Mem. at 8-9 (<u>citing</u> T.R. 36(A); <u>General Motors</u>, 573 N.E.2d at 886-89; <u>Larson v. Karagan</u>, 979 N.E.2d 655 (Ind. Ct. App. 2012); <u>Mullins v. Parkview Hosp., Inc.</u>, 830 N.E.2d 45 (Ind. Ct. App. 2005), <u>aff'd in part and vacated in part by</u> 865 N.E.2d 608 (Ind. 2007)).) Neither the language of Trial Rule 36(A) nor the holdings in the cases analyzing the Rule prohibit, however, blanket requests to withdrawal deemed admissions. Specifically, Trial Rule 36(A) sets forth only the procedures for propounding and responding to requests for admissions, not the procedures for filing motions to withdraw admissions. <u>See</u> T.R. 36(A). Furthermore, while the cited cases concern the withdrawal of some, but not all, of the litigants' admissions, none suggests that the specificity was due to a prohibition against raising blanket requests for withdrawal or a requirement that litigants "must separately identify

4

why withdrawal is appropriate for each admission[,]" as the Department urges. (<u>Compare</u> Resp't Mem. at 8 <u>with</u> <u>General Motors</u>, 573 N.E.2d at 886 (indicating that appeal involved the withdrawal of three admissions only); <u>Larson</u>, 979 N.E.2d at 659-60 (indicating that appeal involved the grant of summary judgment, not the withdrawal of admissions); <u>Mullins</u>, 830 N.E.2d at 60 (linking the number of admissions at issue to the appellant's arguments and the propriety of summary judgment).) Finally, when a litigant advances the same rationale for the withdrawal of all of its admissions, like here, the Court neither requires nor expects a continuous repetition of this rationale for the withdrawal of each of the litigant's admissions. Accordingly, the Court finds that Thor established that the withdrawal of its admissions subserves the presentation of the merits in this case.

## II. Would Withdrawal Prejudice the Department

Trial Rule 36(B) provides a defense against the withdrawal of deemed admissions: a showing of prejudice against the opponent of the withdrawal. <u>See</u> T.R. 36(B). "'[P]rejudice' does not mean that the party who has obtained the admission will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of his case." <u>City of Muncie v. Peters</u>, 709 N.E.2d 50, 55 (Ind. Ct. App. 1999) (citation omitted), <u>trans. denied</u>. In other words, the prejudice contemplated under Trial Rule 36(B) relates to the difficulty a party may face in proving its case because it suddenly needs to obtain evidence to prove a matter that had been deemed admitted. <u>See</u> <u>id.</u> For example, prejudice may be shown in instances "where the party obtaining the admission is unable to produce key witnesses or present important evidence." <u>Id.</u> (citations omitted).

5

Here, the Department claims that it will be prejudiced by the withdrawal of Thor's admissions because it places the viability of its motion for summary judgment at issue "by triggering a sudden need for witnesses and evidence to support matters that the Department thought were firmly established" in less than a two-month period. (Resp't Mem. at 9-10.) The Department also claims that if Thor's Motion were granted, it would be deprived of the opportunity to fairly and to fully conduct discovery given the deadlines under the current case management plan (the "CMP"). (See Resp't Mem. at 11.)

The facts of this case, however, belie the Department's claims. Indeed, when the July 12, 2016, deadline for responding to the Department's First Request for Admissions arrived, the parties were in the middle of settlement negotiations. (See, e.g., Resp't Mem. at 4-5.) Thor's counsel admitted to the Court that he inadvertently missed the deadline because he believed (albeit incorrectly) that counsel for the Department agreed that all deadlines would be suspended together with the deadlines for other discovery to facilitate settlement negotiations.[1] (See Pet'rs' Br., Ex. B ¶¶ 6-13.) At that point, the deadlines under the CMP allowed for just over one month for written discovery, just over three months for depositions, just over six months for filing dispositive motions, and no trial date had been set. See generally Order, filed Dec. 1, 2015 (approving the parties' joint motion for a case management plan); Joint Notice Am. Deadlines, filed Feb. 26, 2016; Joint Notice Am. Deadlines, filed Apr. 29, 2016. Rather

---

[1] The Department's claim that Thor's counsel intentionally failed to respond to its First Request for Admissions is unpersuasive. (See Resp't Mem. Opp'n Pet'rs' Br. at 12-13.) While the Court does not condone such inadvertent actions, "'it does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline was missed.'" Gary Mun. Airport Authority Dist. v. Peters, 550 N.E.2d 828, 831 (Ind. Ct. App. 1990) (citation omitted).

6

than utilize that time to conduct additional discovery, the Department quickly moved for summary judgment just ten days later on July 22, 2016, having secured admissions on the "heart" of the case, i.e., the propriety of the Department's Proposed Assessments. (Compare, e.g., Pet'rs' Br., Ex. A at ¶¶ 17-27 (challenging the conclusions of the Department's Letter of Findings that upheld the Proposed Assessments) with Pet'rs' Br., Ex. F at 9 (admitting that "[t]he Proposed Assessments were properly issued").) Moreover, the Department's decision to move for summary judgment automatically vacated all deadlines under the CMP. See Order ¶ 5, filed Dec. 1, 2015 (providing that the filing of a dispositive motion "shall automatically vacate this case management plan unless otherwise ordered by the Court").

The Department's hasty motion for summary judgment suggests that its reliance on the deemed admissions was unreasonable. See Kerkhof v. Kerkhof, 703 N.E.2d 1108, 1113 (Ind. Ct. App. 1998) (explaining that while a litigant's reasonable reliance on admitted matters could qualify as prejudice, such reliance is often unreasonable when the deemed admissions concern the central issues in a case). The Department's reliance was unreasonable because both parties knew that the subject matter of each deemed admission was intended for litigation. See Gary Mun. Airport Authority Dist. v. Peters, 550 N.E.2d 828, 831-32 (Ind. Ct. App. 1990) (providing that a litigant's reliance on admissions is unreasonable when the parties know the admitted matters are intended for litigation). Less than a week after the Department filed its Motion, Thor promptly confirmed that the Department's reliance on its deemed admissions was unreasonable by seeking the withdrawal of, and thereby contesting, all the deemed admissions. Because the facts before the Court demonstrate that the Department's

7

reliance on Thor's deemed admissions was unreasonable, that the Department, not Thor, placed the viability of its summary judgment motion at issue, that the case had not been set for trial, and that the CMP deadlines have all been vacated, the Department has not established that it will prejudiced by the withdrawal of Thor's admissions. See, e.g., Costello, 55 N.E.3d at 353 (finding no prejudice when the matter had not yet been set for trial, the appellee still had time to prepare his case, and there was no evidence that the appellee's reliance on the admissions impaired his ability to prepare his case).

**CONCLUSION**

In instances like these, where a litigant's use of Trial Rule 36(B) contravenes the Rule's important purpose of more quickly and efficiently reaching a resolution based on the actual facts, the Court may withdraw the admissions when the presentation of the merits will be subserved and the party benefitting from them is not prejudiced. See, e.g., id. at 353-54. Indeed, Trial Rule 36(B) "'is not intended to provide a windfall to litigants[,]'" nor is it to be used as a "'gotcha' device" or "'as a trap to prevent the presentation of the truth in a full hearing[;]'" instead, it is to be used "'as a tool for the fair disposition of litigation with a minimum of delay.'" See id. at 354 (citations omitted). Accordingly, and in keeping with this Court's long-standing policy of deciding cases on their merits, the Court GRANTS Thor's Motion. Consistent with the Court's Order of August 26, 2016, the Department shall file a Notice regarding its intent to maintain or withdraw its Motion for Summary Judgment on or before September 30, 2016.

8

Thereafter, the Court will direct the parties regarding all remaining matters by separate cover.

SO ORDERED this 23th day of September 2016.

Martha Blood Wentworth
Judge, Indiana Tax Court

Distribution:  Nathan J. Hagerman, Jeffrey D. Stemerick, Evan W. Bartel, Winston Lin