**CITY OF MUNCIE, Appellant–Defendant,**

v.

**James PETERS, Appellee–Plaintiff.**

No. 18A04–9807–CV–372.

Court of Appeals of Indiana.

April 28, 1999.

Rehearing Denied June 21, 1999.

■

---

We affirm in part, reverse in part, and remand.

### ISSUES

I. Whether the trial court abused its discretion in denying the City's motion to withdraw admissions.

II. Whether I.C. § 34–4–16.7–1 confers on public employees a right of action for indemnification against the State or any of its political subdivisions.

### FACTS

On or about April 1, 1989, James Peters, while acting within the scope of his employment as a police officer for the City of Muncie, was involved in an altercation with Jeffrey Kemezy. As a result of this altercation, Kemezy brought an action against Peters and the City in the United States District Court of the Southern District of Indiana. The City's insurance carrier provided legal counsel to Peters during the lawsuit. Following a jury trial, the district court entered a judgment in favor of Kemezy and against Peters in the amount of $40,000 upon a verdict that assessed the following damages: (1) $10,000 in compensatory damages for the tort of battery; (2) $10,000 in compensatory damages for violation of Kemezy's civil rights under 42 U.S.C. § 1983; and (3) $20,000 in punitive damages under 42 U.S.C. § 1988. The district court entered a judgment in favor of Kemezy and against the City upon a jury verdict in the amount of $10,000 for the tort of battery under the theory of respondeat superior. On April 12, 1995, the district court ordered Peters to pay Kemezy $103,499.74 for attorney's fees and expenses pursuant to federal law. The district court subsequently ordered the attorney's fees awarded to Kemezy to be supplemented to $200,000.

The City, through its insurance carrier, paid the $10,000 award against Peters for the tort of battery and the $10,000 award assessed against Peters for the civil rights violations. However, the City refused to indemnify Peters for the punitive damage

Alan K. Wilson, Marianne L. Vorhees, Beasley Gilkison Retherford Buckles & Clark, Muncie, Indiana, Attorneys for Appellant.

Michael K. Sutherlin, Kristopher N. Kazmierczak, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

DARDEN, Judge

### STATEMENT OF THE CASE

The City of Muncie appeals from the trial court's grant of summary judgment in favor of James Peters as a result of the City's failure to indemnify him under Ind.Code § 34–4–16.7–1.[1]

---

1. I.C. § 34–4–16.7–1 has been amended and re-   codified at Ind.Code § 34–13–4–1.

award and the attorney's fees assessed against him.

On October 10, 1995, Peters initiated the instant cause against the City, seeking damages for the unsatisfied federal judgment. In Count I, Peters sought indemnification for the unsatisfied judgment against him under I.C. § 34–4–16.7–1. In Count II, Peters sought an order declaring his right to indemnity, if any, under I.C. 34–4–16.7–1. In Counts III and IV, Peters alleged breach of contract [2] and estoppel,[3] respectively. Subsequently, the trial court granted Kemezy's petition to intervene.

On February 27, 1998, Peters served a request for admissions on the attorney of record for the City, Alan Wilson. Peters sought an admission that Peters was the only Muncie police officer whom the City had declined to indemnify for damages and attorney's fees attributed to conduct performed within the scope of an officer's duties. On April·17, 1998, Peters filed and served upon Wilson a Notice to the Court, informing the trial court that the City had failed to answer or object to the request for admissions within thirty days and, therefore, the requested admission was deemed admitted.[4]

On April 22, Peters served a second request for admissions, by certified mail, on the City. Peters sought admissions on the following matters:

(1) James Peters was acting within the scope of his employment when he arrested Kemezy in 1989.

(2) The City has a duty to indemnify an officer who was acting within the scope of his employment and who is deemed liable by virtue of a judgment.

(3) The City of Muncie is liable for the judgment and all costs associated with the prosecution of the claim under 42 U.S.C. § 1988.

(4) "The City of Muncie deemed that it was in the best interest of the governmental entity to pay all the judgment costs pursuant [to] I.C. 34–4–16.7–1 when officer Peters was found liable by a jury and was found to be acting within the scope of his employment."

(5) The City, by virtue of its insurance coverage, agreed to indemnify the actions of Peters, and in so doing agreed to indemnify for all costs and ancillary expenses provided under 42 U.S.C. § 1988.

(R. 193–94). The City failed to respond to this request for admissions within thirty days. On June 1, 1998, Peters filed and served upon the City a Second Notice to the Court for the second request for admissions. The notice informed the trial court that the City had failed to answer or object to the second request for admissions and, therefore, the facts were deemed admitted. On June 5, 1998, Peters filed a motion for summary judgment based upon I.C. § 34–4–16.7–1 and the admissions made by the City.

Trial was scheduled for June 29, 1998. On June 26, 1998, the Friday before the scheduled trial date, the City filed a motion for leave to withdraw admissions. The trial court informed the parties that the motion to withdraw admissions and the motion for summary judgment would be heard and determined on the scheduled trial date before proceeding to a trial on the merits.

On the morning of trial, the trial court held a hearing on the motions. Wilson admitted that the City failed to respond to the first request for admission and stated that the City did not seek to withdraw that admission. In regard to the second request for admissions, Wilson admitted that the request came into his office and was placed into his office's

---

**2.** In the breach of contract claim, Peters alleged that the City breached its employment agreement by failing to provide him with training and education concerning the handling and confrontation of suspected criminals and concerning the methods for observing suspected criminals' civil rights.

·**3.** In the estoppel claim, Peters alleged that the City, through its insurance carrier, provided legal counsel to him, failed to advise him that it would not pay any attorney's fees award against him, and paid the compensatory damages award against him. Peters also alleged that he detrimentally relied upon these acts or omissions in that he did not obtain his own counsel to defend him in the federal lawsuit.

**4.** We note that Peters' counsel also sent a letter dated April 16, 1998 to Wilson, providing notice of the requests for admission. (R. 135).

case file. However, Wilson stated that he did not look into that file until he received notice from the trial court that he had failed to answer the request for admissions. Wilson said that "the error was simply mine." (R. 329). Nevertheless, Wilson claimed that he was unaware of the requests for admissions because they "didn't get to my desk, got directed to the file." (R. 330).

Peters' counsel represented to the trial court that the admissions had been relied upon in preparation of trial. Peters' counsel claimed that based upon these admissions, he had permitted the subpoenas of three of his witnesses to be quashed and had declined to depose a witness. Following the presentation of evidence and arguments by counsel, the trial court denied the motion to withdraw admissions, finding in part as follows:

> Well, there's no question plaintiff has demonstrated how it would be prejudiced if I withdrew these, if I let Mr. Wilson withdraw these. The question, first question is whether or not Mr. Wilson has shown that the withdrawal will sub-serve the presentation of the merits.... You know, I've reviewed this whole file and I've looked through the whole docket sheet and it seems to the court that the City has taken a cavalier attitude toward the discovery requests in this case and regrettably, in fact, toward the court's own orders, to the extent that on ... more than one (1) occasion I've had to issue orders to compel, and in fact taken the extreme measure of issuing sanctions, which in (20) years as Judge I don't think I've done, on a sanction request, probably less than ten (10) times, I'm sure, in twenty (20) years.... It might be a closer question had that not been the case here. But the City, as I've indicated, has taken a cavalier attitude toward all requests for discovery. I don't think Mr. Wilson has shown, has met his burden in showing that withdrawal will assist in reaching in a just resolution. Mr. Wilson, I don't think your motion to withdraw the admissions is well taken. For those reasons, I'll show it denied.

(R. 365–66).

The trial court then proceeded to hear arguments on Peters' summary judgment motion. In its argument against summary judgment, the City argued that it could not be liable under I.C. 34–4–16.7–1 because the statute did not create a cause of action of the type brought by Peters. Following arguments by counsel, the trial court granted Peters' motion for summary judgment based on the admission made by the City and awarded Peters $220,000 in damages.

## DECISION

### I. Withdrawal of Admissions

■ The City claims that the trial court abused its discretion when it denied the City's motion to withdraw admissions. We disagree.

■ Under Ind. Trial Rule 36, the failure to respond in a timely manner to a request for admissions causes those matters to be admitted and conclusively established by operation of law. *Corby v. Swank*, 670 N.E.2d 1322, 1324 (Ind.Ct.App.1996). Requests for admissions under T.R. 36 may, in addition to seeking evidentiary matters, ask for admissions as to legal issues, contentions, and conclusions, if related to the facts of the case. *General Motors Corp. v. Aetna Cas. & Sur. Co.*, 573 N.E.2d 885, 888 (Ind.1991). Matters admitted under the rule are deemed "conclusively established," eliminating the need to prove them at trial. *Id.*

■ However, the party who has been deemed to have made those admissions may make a motion for withdrawal of those admissions to the trial court pursuant to T.R. 36(B). *Id.* at 888–89. The trial court cannot grant a motion to withdraw admissions unless it determines both (1) that withdrawal or amendment will subserve the presentation of the merits, and (2) that prejudice in maintaining the action or defense will not result to the party obtaining the admission. *Id.* at 889. The party seeking withdrawal has the burden of demonstrating that the presentation of the merits will be subserved by withdrawal, and the party who has obtained the admissions has the burden of demonstrating that it will be prejudiced if the trial court permits withdrawal. T.R. 36(B); *Corby*, 670 N.E.2d at 1326. Further, even if both of these conditions are satisfied, the rule does

not compel the trial court to grant a request to withdrawal admissions; rather, the court may, in its discretion, permit withdrawal. *General Motors*, 573 N.E.2d at 889. We will reverse the grant or denial of a motion to withdraw admissions only for an abuse of discretion. *Snell v. Snell*, 581 N.E.2d 463 (Ind.Ct.App.1991); *Eads v. Hill*, 563 N.E.2d 625 (Ind.Ct.App.1990).

In discussing the limits of the discretion in ruling on a motion to withdraw admissions, our supreme court stated as follows:

> Although an admission should ordinarily be binding on the party who made it, there must be room in rare cases for a different result, as when an admission no longer is true because of changed circumstances or through honest error a party has made an improvident admission. However, ... [u]nless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated.

*General Motors Corp.*, 573 N.E.2d at 889 (citations omitted).

The City claims that Wilson's failure to respond to the requests was inadvertent and the result of an honest mistake, and that this is one of the "rare cases" envisioned by our supreme court in *General Motors* which merits relief from the binding effect of admissions. The City maintains that Peters failed to establish that they would suffer prejudice from the withdrawal of the admissions.

▆▆▆ In the context of T.R. 36(B), "prejudice" does not mean that the party who has obtained the admission will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of his case. *Corby*, 670 N.E.2d at 1326. For example, prejudice under the rule may be shown where the party obtaining the admission is unable to produce key witnesses or present important evidence. *Id.; see also Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1313–1314 (8th Cir.1983) (prejudice contemplated by rule relates to the difficulty a party may face proving its case because of sudden need to obtain evidence required to prove matter that had been admitted).

In the present case, the City's admissions occurred on approximately May 22, 1998, by reason of its counsel's failure to answer, object, or seek an enlargement of time to respond pursuant to T.R. 36. At that point, the scheduled trial date was June 29, 1998. The City did not immediately seek to withdraw its admissions after receiving Peters' June 1, 1998, notice to the court and his June 5, 1998, motion for summary judgment. In fact, the City took no action to claim inadvertence or withdrawal of its admissions until the last business day before the scheduled trial date when Wilson served a motion to withdraw admissions on Peters' counsel at approximately 5:00 p.m. On the scheduled trial date, the trial court held a hearing on the City's motion before proceeding to a trial on the merits. Peters' counsel represented that he had in fact relied upon the admission in preparation for trial, and in so relying, permitted the subpoenas of three of Peters' witnesses to be quashed and did not depose a witness. Under these circumstances the trial court was well within its discretion to find that Peters would be prejudiced if the City was permitted to withdraw the admissions. Peters would have been faced with a sudden need to obtain witnesses and evidence with respect to the matters deemed admitted and convince the trier of fact of the truth of those matters.

Because Peters sufficiently demonstrated to the trial court how his case would be prejudiced by withdrawal of the admissions, the trial court's decision to deny withdrawal was not erroneous. We find no abuse of discretion. *See General Motors*, 573 N.E.2d at 889 (affirming trial court's denial of motion to withdraw admissions where defendant seeking withdrawal waited until only two months prior to trial to request withdrawal, which had effect of depriving the plaintiff of three months to develop proof).

Nevertheless, the City asserts that the trial court could have continued the trial and permitted the parties to conclude discovery and try the case on the merits. We must reject this argument. The City fails to direct us to, and our review of the record fails to disclose, where it made a motion for a contin-

uance so that Peters would not be prejudiced by a withdrawal of the City's admissions. Furthermore, the record does not reflect that the City made a motion to extend the deadline for discovery. The City's argument therefore must fail.

## II. No Private Right of Action under I.C. § 34-4-16.7-1

The City maintains that I.C. § 34-4-16.7-1, the Civil Rights Claims Against Public Employees Act, does not create a right to sue a governmental entity to compel the entity to pay a judgment against an employee. It asserts that the obligation to pay the judgment is discretionary. Therefore, according to the City, the trial court erred in entering summary judgment based on the statute.[5]

I.C. § 34-4-16.7-1 provides in part as follows:

> If a present or former public employee ... is or could be subject to personal civil liability for a loss occurring because of a non-criminal act or omission within the scope of his employment which violates the civil rights laws of the United States, the governmental entity, as defined in IC 34-4-16.5-2, shall, subject to the provisions of IC 34-4-16.5-4, IC 34-4-16.5-13, IC 34-4-16.5-14 and IC 34-4-16.5-15, pay any judgment, compromise, or settlement of the claim or suit when the governor, in the case of a claim or suit against a state employee, or the governing body of the political subdivision, in the case of a claim or suit against an employee of a political subdivision, determines that paying the judgment, compromise, or settlement is in the best interest of the governmental entity. The governmental entity shall also pay all costs and fees incurred by or on behalf of a public employee in defense of the claim or suit.

We initially note that the legislature did not explicitly provide for a civil action under this statute. Nevertheless, Peters claims, and the trial court necessarily found, that the legislature intended to permit enforcement of this statute through a private right of action. We cannot agree.

The determination of whether a civil cause of action exists for an alleged breach of a statutory duty begins with an examination of legislative intent. *See Coons by Coons v. Kaiser*, 567 N.E.2d 851, 852 (Ind.Ct.App.1991); *Right Reason Publications v. Silva*, 691 N.E.2d 1347, 1352 (Ind.Ct. App.1998) (criminal statute). In construing a statute to ascertain the intent of the legislature, consideration should be given to the occasion and necessity for the law, the causes which induced its enactment, as well as the remedy to be afforded and the benefits to be derived. *Robinson v. Wroblewski*, 679 N.E.2d 1348, 1353 (Ind.Ct.App.1997), *summarily affirmed*, 704 N.E.2d 467 (Ind.1998). As noted in *Coons*, any inference of a private cause of action not otherwise authorized by a statute must be consistent with the evident legislative intent and with the effectuation of the purposes intended to be served by the statute. 567 N.E.2d at 852 (citation omitted).

In the present case, we first note that the statute does not create, or enlarge, any obligation or legal liability on the part of the State or its political subdivisions in favor of public employees. Rather, the statute is an enabling statute, permitting governmental entities, in their discretion, to pay sums in indemnification to their agents. *See Grant v. North River Ins. Co.*, 453 F.Supp. 1361, 1371 (N.D.Ind.1978). The statute provides that a governmental entity "shall" pay judgments against employees, but only if the "governing body" of the entity "determines that paying the judgment ... is in the best interest" of that entity. I.C. § 34-4-16.7-1. This language of the statute makes the payment of a claim voluntary. *Kapitan v. City of Gary*, 12 F.3d 678 (7th Cir.1993).

Additionally, there is nothing in the text of the statute that suggests that the legislature intended to convey a right of action on public employees. A right of action

---

**5.** In its Appellant's Brief, the City frames this issue in terms of the trial court's lack of subject matter jurisdiction. In its Reply Brief, the City appears to concede that the issue is not one of subject matter jurisdiction. Rather, the issue appears to be whether Count I of Peters' complaint should have been dismissed for failure to state a claim upon which relief can be granted.

under a statute exists only in favor of those persons who have an interest in the performance of the duty and for whose benefit the duty was imposed. 1A C.J.S., *Actions* § 23, p. 372. However, "[i]t does not exist in favor of one, to whom the benefit to be derived from the performance of the statutory duty is merely incidental and no part of the design of the statute, and such a person cannot base a cause of action on the violation of the statute." *Id.* Here, the general purpose of the statute is to benefit the general public, not to protect public employees from liability. The statutory language specifically requires the governor · or a governing body to make a best-interest determination in regard to a governmental entity, not public employees. In fact, the statute does not require a governmental entity to give any consideration to the interests of public employees when deciding whether to pay claims. Therefore, we conclude that public employees are only incidental or secondary beneficiaries under the statute, and that no special rights are created in favor of public employees.

Finally, we point out that the statute fails to prescribe any remedy for its enforcement. Importantly, once a governmental body makes a best-interest determination to pay a

judgment, compromise or settlement of a claim, nothing in the statute limits its authority from later reversing that determination. This further supports our conclusion that the legislature did not envision private rights of actions in favor of public employees under the statute.

Based on the foregoing, we conclude that I.C. § 34–4–16.7–1 does not contemplate a private cause of action brought by Peters. We are unwilling to go beyond the intent of the legislature in providing a private remedy under the statute.[6] Accordingly, the trial court erred in granting summary judgment based on the statute.

We affirm in part, reverse in part and remand for trial on Peters' breach of contract and estoppel claims.

SHARPNACK, C.J., and ROBB, J., concur.

---

**6.** We note that in *Patrick v. Staples*, 780 F.Supp. 1528 (N.D.Ind.1991), the United States District Court for the Northern District Indiana had occasion to construe the statute and reached this same conclusion. In *Patrick*, an inmate in an Indiana correctional facility filed a *pro se* complaint against prison officials, asserting federal civil rights claims as well as claims under Indiana law. In his complaint, the inmate attempted to assert a cause of action under I.C. § 34–4–16.7–1. The prison officials moved to dis-

miss for failure to state a claim upon which relief can be granted. The district court, after quoting the pertinent language in the statute, held that "[n]either this statute, nor any other statutory provision contained in Chapter 16.7 provides for a private right of action. Any pendent claim under Ind.Code 34–4–16.7–1 'et seq,' must therefore fail." *Id.* at 1550. Accordingly, the district court granted the defendant's motion to dismiss any claims brought by the inmate under the statute. *Id.* at 1551.