## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 06 2020, 9:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sophia J. Arshad
Arshad Pangere & Warring, LLP
Merrillville, Indiana

ATTORNEY FOR APPELLEE

Nicholas K. Rohner
Weltman Weinberg & Reis
Company, LPA
Cincinnati, Ohio

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Wayne C. Westphal, <br> *Appellant-Defendant,* <br><br> v. <br><br> Chemical Bank, by successor and merger to Talmer Bank and Trust, <br> *Appellee-Plaintiff* | August 6, 2020 <br><br> Court of Appeals Case No. 20A-CC-626 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Margot F. Reagan, Judge <br><br> Trial Court Cause No. 71D04-1708-CC-2286 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Wayne C. Westphal (Westphal), appeals the trial court's judgment in favor of Appellee-Plaintiff, Chemical Bank, by successor and merger to Talmer Bank and Trust (Chemical Bank), on Chemical Bank's Complaint that Westphal failed to make payments pursuant to the terms of the agreement.

We affirm.

# ISSUES

Westphal raises two issues on appeal, which we restate as follows:

(1) Whether the trial court erred by denying Westphal's motion for summary judgment when Chemical Bank requested an extension to serve its responses to Westphal's request for admissions by the court-ordered due date; and

(2) Whether the trial court abused its discretion in denying Westphal's motion to correct error when Chemical Bank established the existence of a contract and the assignment of the debt.

# FACTS AND PROCEDURAL HISTORY

In January 2001, Westphal, a sole proprietor doing business as S&W Timing, purchased a new motorhome from Total Value RV in Elkhart, Indiana. S&W Timing conducted the timing and maintained other equipment in the motor vehicle racing industry. As such, Westphal's business required that he and his

wife travel to various races throughout the country. Upon the purchase of the motorhome, Westphal signed two separate installment contracts to finance the purchase. One contract identified the buyer as "Wayne Westphal DBA S& W Timing," while the second contract listed the buyer as "S&W Timing." (Appellant's App. Vol. II, pp. 60-63; 64-65). Both contracts were executed the same day and, except for the name of the buyer being slightly different, the terms of the contract are substantially identical. Upon execution, the contracts were automatically assigned from Total Value RV to Elkhart Community Bank. Elkhart Community Bank merged into Indiana Community Bank in 2010, which merged into Talmer Bank and Trust in 2015, which, in turn, merged into Chemical Bank in November 2016.

[5] Westphal failed to make timely payments. After the motorhome was sold and the balance applied to the loan, a principal balance of $140,535.97 remained unpaid. On August 22, 2017, Chemical Bank filed its Complaint on Loan Agreement to collect the balance due, alleging that Westphal had failed to make payments pursuant to the terms of the loan agreement. Attached to the Complaint was the contract executed between Westphal DBA S&W Timing and Total Value RV. Chemical Bank did not file any assignment of rights from Elkhart Community Bank through to Chemical Bank.

[6] On June 26, 2018, Westphal served Chemical Bank with discovery requests, including a request for admissions. Chemical Bank requested an initial extension to respond, which was granted by the trial court until September 10, 2018. On September 7, 2018, after Chemical Bank's counsel had consulted

with Westphal's counsel and advised him that an additional ten days were needed for the response, Chemical Bank filed a motion for extension of time to which Westphal's counsel objected. On September 10, 2018, Chemical Bank's counsel emailed unsigned draft answers to Westphal's counsel. On Tuesday, September 11, 2018, Westphal filed a motion for summary judgment, asserting that Chemical Bank had failed to timely serve responses to his request for admissions thereby causing certain dispositive statements to be deemed admitted. Later that same day, on September 11, 2018, the trial court granted Chemical Bank's request for an extension of time, allowing Chemical Bank up to September 20, 2018 to respond. On September 20, 2018, Chemical Bank served Westphal with its responses to Westphal's discovery requests. On January 17, 2019, the trial court denied Westphal's motion for summary judgment, concluding that "[t]he requests for admission should not be deemed admitted based on the timing issue." (Appellant's App. Vol. II, p. 211).

[7] On September 25, 2019, the trial court conducted a bench trial. During the proceedings, Chemical Bank called Heather O'Connor (O'Connor), Vice President/Loan Recovery Manager at Chemical Bank as its witness. O'Connor testified as to the mergers between the different banks and the assignment of the contracts. Chemical Bank attempted to admit the contract signed by Wayne Westphal DBA S& W Timing, through O'Connor's testimony, which the trial court denied based on Westphal's objection. Chemical Bank called Westphal as its witness who admitted that he had executed the contract as S&W Timing. This contract was admitted into evidence. Chemical Bank then recalled

O'Connor. She advised that a notice of default, which was admitted into evidence, was sent to Westphal by Talmer Bank and Trust in August 2016. She also testified to the loan payoff statement and payment history generated by Talmer Bank and Trust in November 2016. At the conclusion of the evidence, the trial court entered a judgment in favor of Chemical Bank.

[8] On January 20, 2020, Westphal filed a motion to correct error, contending that Chemical Bank failed to establish that Westphal had executed the contract, that Chemical Bank did not own the debt under the terms of the contract, and that the accrued amount was calculated incorrectly. On February 14, 2020, the trial court issued its Order of amended judgment, correcting the amount due. The trial court was silent as to the other perceived errors asserted in the motion to correct error.

[9] Westphal now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[10] Westphal challenges the trial court's decision on both his motion for summary judgment and motion to correct error. We will analyze each decision in turn.

## I. *Summary Judgment*

[11] Westphal first contends that the trial court erred by concluding that no genuine issue of material fact exists that Chemical Bank timely served its responses to Westphal's request for admissions by the court-mandated due date.

[12] In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* at 608. A fact is 'material' for summary judgment purposes if it helps to prove or disprove an essential element of the plaintiff's cause of action; a factual issue is 'genuine' if the trier of fact is required to resolve an opposing party's different version of the underlying facts. *Ind. Farmers Mut. Ins. Group v. Blaskie*, 727 N.E.2d 13, 15 (Ind. 2000). The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *First Farmers Bank & Trust Co.*, 891 N.E.2d at 607.

[13] We observe that, in the present case, the trial court entered findings of fact and conclusions of law thereon in support of its judgment. Generally, special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004). However, such findings offer a court valuable insight into the trial court's rationale and facilitate appellate review. *Id.*

[14] On June 26, 2018, Westphal served Chemical Bank with discovery requests, including a request for admissions. The trial court granted Chemical Bank's request for an extension until September 10, 2018. On September 7, 2018, after

a telephonic consultation with Westphal's counsel who objected to further extensions of the deadline, Chemical Bank filed a second motion for extension of time, which was granted by the trial court on September 11, 2018, after the due date for the discovery request and after Westphal had filed its motion for summary judgment, claiming that Chemical Bank had failed to timely serve responses to his request for admissions thereby causing certain dispositive statements to be deemed admitted.

[15] Pursuant to Indiana Trial Rule 36, the failure to respond in a timely manner to a request for admissions causes those matters to be admitted and conclusively established by operation of law. *City of Muncie v. Peters*, 709 N.E.2d 50, 54-55 (Ind. Ct. App. 1999), *reh'g denied, trans. denied*. Requests for admissions under Indiana Trial Rule 36 may, in addition to seeking evidentiary matters, ask for admissions as to legal issues, contentions, and conclusions, if related to the facts of the case. *Id*. Matters admitted under the rules are deemed "conclusively established," eliminating the need to prove them at trial. *Id*. However, the party deemed to have made those admissions may move the trial court for withdrawal of those admissions pursuant to Indiana Trial Rule 36(B).

[16] Relying on Trial Rule 36(B), Westphal now claims that because Chemical Bank failed to respond in a timely manner to its request for admissions, the evidentiary issues raised in the admissions were deemed admitted and, in the absence of Chemical Bank's request to withdraw those admissions, the trial court's denial of summary judgment should be reversed.

[17]     We cannot agree. The record conclusively established that Chemical Bank submitted a motion to extend time to file its answers to Westphal's request for admissions on September 7, 2018, prior to the expiration of the deadline. Therefore, no admission can be deemed to have been made under Indiana Trial Rule 36(B) and there is nothing to withdraw. Pursuant to Indiana Trial Rule 6(B),

> When an act is required or allowed to be done at or within a specific time by these rules, the court may at any time for cause shown:
>
> (1) Order the period enlarged, with or without motion or notice, if request therefor is made before the expiration of the period originally prescribed or extended by a previous order[.]

In support of its request for extension of time, Chemical Bank stated that it "need[ed] additional time in which to verify final responses to the [d]iscovery [r]equests and to possibly pursue a resolution to the case. (Appellant's App. Vol. II, p. 71). As such, Chemical Bank requested a ten-day extension. At the hearing on the motion for summary judgment, Chemical Bank explained that in an attempt to show a good faith effort, Chemical Bank emailed an unsigned draft of its response to Westphal's request for admissions to Westphal's counsel on September 10, 2018, and advised that the finalized interrogatories "still needed to be verified by [its] client." (Transcript p. 9). As the trial court found that good cause was shown by Chemical Bank, it granted an extension until September 20, 2018. Chemical Bank timely filed its responses to Westphal's request for admissions.

[18]     Based on the record before us, we cannot say that the trial court abused its discretion by extending Chemical's deadline to file its response. Accordingly, as Chemical Bank timely filed its response to the request for admissions, no genuine issues of material fact exist and Chemical Bank's responses were timely served by the court-ordered due date. We affirm the trial court's denial of summary judgment.

## II. *Motion to Correct Error*

[19]     Next, Westphal contends that the trial court abused its discretion in affirming its ruling when Chemical Bank failed to establish at trial that a contract existed between Westphal and Chemical Bank and that Chemical Bank is the assignee and owner of the debt under the contract. A trial court has discretion to grant or deny a motion to correct error and we reverse its decision only for an abuse of that discretion. *Hawkins v. Cannon*, 829 N.E.2d 658, 661 (Ind. Ct. App. 2005), *trans. denied*. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id*.

[20]     At trial, Chemical Bank unsuccessfully attempted to admit the contract signed by 'Wayne Westphal DBA S& W Timing,' through O'Connor's testimony and over Westphal's objection. Chemical Bank then called Westphal as its witness who admitted that he had executed the contract in which the buyer is identified as 'S&W Timing.' Because S&W Timing was a sole proprietorship, S&W Timing and Westphal are legally one and the same. *Bartlett v. Heibl*, 128 F3d

497, 500 (7th Cir. 1997) (A sole proprietorship is not a suable entity separate from the owner). Therefore, a contract entered into by S&W Timing is, at the same time, also a contract entered into by Westphal.

[21] Westphal's argument that the contract "was not admitted as a business record for Chemical Bank but simply as the document [Westphal] stated he signed" is without merit. (Appellant's Br. p. 25). Pursuant to Indiana Rule of Evidence 901(b)(1), testimony of a witness with knowledge that an item is what it is claimed to be is sufficient to authenticate or identify the evidence. Therefore, Westphal's unequivocal testimony that he had signed the contract and was familiar with its terms was sufficient to admit the contract into evidence. Moreover, O'Connor testified that a notice of default had been sent to Westphal in 2016. She explained the content of the loan payoff statement, and advised the trial court about the payment history on the loan. At no point during these proceedings did Westphal dispute the receipt of a loan to purchase the motorhome, that he defaulted on the loan, or that a principal balance and interest had accrued and was due.

[22] During the trial, it was established that upon execution, the contract was immediately assigned from Total Value RV to Elkhart Community Bank. O'Connor testified as to the mergers between the different banks and the assignment of the contracts. Specifically, she advised the trial court that

> Elkhart Community Bank and Goshen Community Bank . . .
> consolidated into Indiana Community Bank in around 2010.
> After which in 2014, Talmer Bancorp acquired Indiana

Community Bank, Michigan Commerce Bank, Sunrise Bank of Albuquerque, as well as Bank of Las Vegas as a part of a Bankruptcy reorganization of Capital Bancorp, and they were immediately renamed Talmer West Bank. []

A year later, we changed the name from Talmer West Bank and folded them into Talmer Bank and Trust, of which then Talmer Bank merged with Chemical Bank.

(Tr. pp. 22-23). As the trial court found in favor of Chemical Bank, O'Connor's testimony was deemed reliable and it is not for us to second-guess the trial court's assessment of O'Connor's credibility or to reweigh the evidence. *See In re Marriage of Perez*, 7 N.E.3d 1009, 1012 (Ind. Ct. App. 2014) (appellate court may not judge witness credibility or reweigh evidence).

[23] Accordingly, the trial court did not abuse its discretion by denying Westphal's motion to correct error because Chemical Bank established by a preponderance of the evidence the existence of a contract, Westphal's breach, the balance due, and the ownership of the obligation via bank mergers.

# CONCLUSION

[24] Based on the foregoing, we hold that no genuine issue of material fact exists that Chemical Bank served its responses to Westphal's request for admissions by the court-mandated due date; and the trial court did not abuse its discretion in denying Westphal's motion to correct error when Chemical Bank established the existence of a contract and the assignment of the debt.

[25] Affirmed.

May, J. and Altice, J. concur