# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 25 2020, 9:24 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryan L. Cook
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Gayer and Auto-Owners Insurance Company,[1] | November 25, 2020 |
| *Appellant-Defendants,* | Court of Appeals Case No. 20A-PL-1020 |
| v. | Appeal from the Pulaski Circuit Court |
| State of Indiana *ex rel.* Curtis T. Hill Jr., Attorney General of Indiana, | The Honorable John Potter, Special Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 66C01-1605-PL-10 |

---

[1] Auto-Owners Insurance Company does not participate in this appeal. However, a party in the lower court is a party on appeal. *See* Indiana Appellate Rule 17(A) ("A party of record in the trial court . . . shall be a party on appeal.").

**May, Judge.**

[1]     Michael Gayer appeals the trial court's denial of his motion to withdraw his default admissions and its grant of summary judgment in favor of the State of Indiana ex rel. Curtis T. Hill Jr., Attorney General of Indiana ("the State"). Gayer argues the trial court abused its discretion when it denied his motion to withdraw his default admissions and erred when it granted summary judgment in favor of the State. We affirm.

## Facts and Procedural History

[2]     On May 2, 2016, the State filed a Complaint to Recover Public Funds against Gayer based on allegations that Gayer misappropriated $26,637.34 in public funds when Gayer was Pulaski County Sheriff from January 1, 2011, to December 31, 2014. The complaint alleged Gayer purchased firearms and ammunition that later could not be located in the Sheriff's Department inventory. The State Board of Accounts ("SBOA"), the state agency responsible for auditing the financial accounts for all state public entities, discovered the discrepancies during a routine audit of the Pulaski County Sheriff's Office. The complaint also requested damages for the cost of SBOA's audit.[2]

---

[2] The complaint also named Auto-Owners Insurance Company as a defendant. However, the order appealed herein addresses the issues only as to Gayer.

[3] The State also filed criminal charges against Gayer based on the same allegations. On July 18, 2016, the State filed a request for admissions and interrogatories in the civil action. On August 9, 2016, Gayer moved to stay the civil case until the criminal case was disposed, and the trial court granted Gayer's motion that day. On May 8, 2019, after a three-day jury trial, Gayer was acquitted of all criminal charges.

[4] The trial court lifted the stay on the civil proceedings on May 10, 2019. On August 9, 2019, Gayer's attorney, Steven Bush, filed a motion to withdraw his appearance because "Gayer is obtaining new counsel and no longer wishes Steven M. Bush to represent him in this matter." (App. Vol. II at 85.) The trial court granted Bush's motion to withdraw on August 19, 2019.

[5] On February 13, 2020, the State filed a motion for summary judgment on the portion of the complaint against Gayer. The State argued it was entitled to summary judgment as it pertained to Gayer because Gayer had not responded to the State's request for admissions, and thus those admissions were deemed admitted under Indiana Trial Rule 36. On March 10, 2020, attorney Bryan Cook filed his appearance on behalf of Gayer, as well as a motion to withdraw default admissions and amend with answered admissions. On March 20, 2020, Gayer filed a response in opposition to the State's motion for summary judgment and objections and a motion to strike the SBOA audit report and the default admissions from the record. On March 26, 2020, the State filed its response to Gayer's motion to withdraw default admissions and Gayer filed a reply on March 27, 2020.

[6] On April 7, 2020, the State filed its response to Gayer's motion in opposition of the State's motion for summary judgment. On April 9, 2020, the State filed a response in opposition to Gayer's objections and motion to strike. On April 15, 2020, the State filed a sur-reply to Gayer's reply regarding his motion to withdraw his default admissions. On April 21, 2020, the trial court entered its order addressing all pending motions. The trial court denied Gayer's motion to withdraw his default admissions but granted his motion to strike the SBOA audit report. The trial court granted the State's motion for summary judgment as to Gayer, entered judgment against Gayer for $26,637.34, and found "there is no just reason for delay and judgment on this issue is final for purposes of Trial Rule 54." (*Id*. at 244.)

# Discussion and Decision

## 1. Default Admissions

[7] Under Trial Rule 36, the failure to respond in a timely manner to a request for admissions causes those matters to be admitted and conclusively established by operation of law. *City of Muncie v. Peters*, 709 N.E.2d 50, 54 (Ind. Ct. App. 1999), *reh'g denied*, *trans. denied*. Requests for admissions under Trial Rule 36 may, in addition to addressing evidentiary matters, ask for admissions as to legal issues, contentions, and conclusions, if related to the facts of the case. *Id*. Matters admitted under the rule are deemed "conclusively established[,]" eliminating the need to prove them at trial. *Id*.

A party who made admissions by failing to respond may move to withdraw those admissions pursuant to Trial Rule 36(B). *Id*. The trial court may grant a motion to withdraw admissions if it determines: (1) withdrawal or amendment will subserve the presentation of the merits, and (2) prejudice in maintaining the action or defense will not result to the party that obtained the admission. *Id*. The party seeking withdrawal has the burden of demonstrating the presentation of the merits will be subserved by withdrawal, and the party who obtained the admissions has the burden of demonstrating it will be prejudiced if the trial court permits withdrawal. *Id*.; T.R. 36(B). If both conditions are satisfied, the court may, in its discretion, permit withdrawal. *Id*. We will reverse the grant or denial of a motion to withdraw admissions only for an abuse of discretion. *Peters*, 709 N.E.2d at 55.

Gayer argues the trial court abused its discretion when it denied his motion to withdraw his default admissions because the "State's clever request for admissions was the **trap**, the arduous, harrowing journey Gayer faced in the onslaught of a protracted mix of criminal and civil litigation initiated by differing factions of the State was akin to **bait**, and the 'default' admissions were the **prize**." (Br. of Appellant at 14) (emphasis in original). Gayer also contends the State did not demonstrate it would be prejudiced by the withdrawal of his default admissions. Regarding the issue, the trial court found:

> Gayer, unfortunately, only has himself to blame. Gayer's counsel did not withdraw of his own accord, Gayer fired him on

August 14, 2019. Gayer was pro se and did not obtain his new attorney until March 10, 2020. Gayer is no novice *pro se* litigant – he was the Sheriff of Pulaski County and would have at least some familiarity with Court procedures. The answers to the admissions were due for approximately three months when Gayer was represented. If that is someone else's fault other than Gayer, he may have another remedy. The Plaintiff properly submitted admissions which were not timely answered.

\* \* \* \* \*

The proposed amended answers also do nothing to subserve the presentation on the merits. The proposed amended answers are full of obscurations that would only serve to frustrate a trial on the merits of this case. With the exception of three answers all proposed amended answers contain objections as to the meaning of common, everyday words such as "firearms," "proper" and "responsible."

(App. Vol. II at 243) (formatting in original).

[10] Attorney neglect is not a basis upon which default admissions may be amended. *McKinley, Inc. v. Skyllas*, 77 N.E.3d 818, 823 (Ind. Ct. App. 2017), *trans. denied*. Gayer's criminal attorney represented him in both the criminal and the civil litigations until August 2019, approximately two months after Gayer's answers to the State's request for admissions in the civil case were due. After his attorney's withdrawal, Gayer proceeded in the civil matter pro se. It is well-settled that pro se litigants are "held to the same standards as a trained attorney and [are] afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). "This means

that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so." *Basic v. Amouri*, 58 N.E.3d 980, 983-84 (Ind. Ct. App. 2016), *reh'g denied*.

[11]    Additionally, withdrawal of Gayer's default admissions would have been prejudicial to the State. Gayer did not file a motion to withdraw his admissions until the State, in February 2020, filed a motion for summary judgment in the case, which had been pending since 2016. The trial court did not abuse its discretion when it denied Gayer's motion to withdraw his admissions. *See Peters*, 709 N.E.2d at 55 (affirming denial of motion to withdraw admissions after City of Muncie waited until the day before the scheduled trial date to file such motion).

## 2. Summary Judgment

[12]    We review summary judgment using the same standard as the trial court: summary judgment is appropriate only where the designated evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Rogers v. Martin*, 63 N.E.3d 316, 320 (Ind. 2016). All facts and reasonable inferences are construed in favor of the non-moving party. *City of Beech Grove v. Beloat*, 50 N.E.3d 135, 137 (Ind. 2016).

[13]    Gayer argues the trial court erred when it granted summary judgment in favor of the State because it "relied solely on the 'default admissions[.]'" (Br. of Appellant at 21.) In granting summary judgment in favor of the State, the trial court determined:

Plaintiff is entitled to Summary Judgment on the issue in Count I of its Complaint to Recover Public Funds that Gayer breached his to property [sic] account for all funds of the Pulaski County Sheriff's Department and committed misfeasance, malfeasance or nonfeasance. Gayer is liable to the State for those funds; however, because Gayer correctly objected to the State Board of Accounts [sic] report as admissible that amount of damages has to be limited to that amount admitted by Gayer in the admissions, $26,637.34. There is no genuine issue of material fact.

The Court has ruled that the admissions stand; therefore the admitted matters control. Gayer admitted liability and damages. Gayer's arguments against summary judgment, aside from the Trial Rule 36 issue, are red herrings. Gayer cannot complain that the Plaintiff should have sued other individuals – the Trial Rules allow Gayer to add any party needed for just adjudication or to interplead as necessary. He did not and cannot be heard to complain that the Plaintiff just chose him. Gayer's *respondeat superior* argument fails as well. Gayer was the elected Sheriff of Pulaski County. To say that he was an employee of the entity known as the Pulaski County Sheriff's Department and should be shielded from personal liability is a perversion [of] justice. Gayer was the Sheriff and consequently was the "superior" in the *respondeat superior* argument he makes. State law requires the Sheriff to be bonded because of that fact. That is why his bonding company is also a Defendant.

(App. Vol. II at 244.)

[14] As we have concluded *supra* that the trial court did not abuse its discretion when it denied Gayer's motion to withdraw the default answers to the State's request for admissions, we agree with the trial court that there exists no issue of material fact. Gayer's default answers to the State's request for admissions

conclusively established as a matter of law that Gayer was the Sheriff of Pulaski County between January 1, 2011, and December 31, 2014; that he was "responsible for the inventory of weapons in the possession of the Sheriff's Department[;]" that he was in charge of purchasing firearms and ammunition for the Sheriff's Department and during his time as Sheriff purchased firearms and ammunition for the Sheriff's Department; that "[a]t the conclusion of [his] tenure as Sheriff, firearms were missing from the inventory of the Sheriff's Department[;]" that Gayer "took firearms belonging to the Sheriff's Department for [his] personal use[;]" and that as Sheriff, Gayer purchased or approved purchase of ammunition "that was incompatible with the firearms of the Sheriff's Department." (*Id*. at 91-5.) The default answers to the request for admissions further noted that the value of the missing firearms was $7,593.77 and the value of the missing ammunition was $13,038.42.

[15] Additionally, the default answers to the requests for admissions indicated that Gayer "failed to institute proper internal controls to insure that the firearms of the Sheriff's Department were properly accounted for" and that he used funds belonging to the Sheriff's Department for his "own personal benefit." (*Id*. at 95-6.) Finally, the default answers to the requests for admissions establish that Gayer had a duty to properly account for the funds of the Sheriff's Department, did not do so, and was therefore liable to the State for $26,637.34. As all of these facts are deemed admitted by operation of Gayer's default admissions to the State's requests for admissions, the trial court did not err when it granted the State's motion for summary judgment against Gayer. *See Larson v. Karagan*, 979

N.E.2d 655, 662 (Ind. Ct. App. 2012) (summary judgment appropriate when default admissions leave no issue of material fact).

# Conclusion

[16] We conclude the trial court did not abuse its discretion when it denied Gayer's motion to withdraw his admissions and the trial court did not err when it granted summary judgment to the State. Accordingly, we affirm the judgment of the trial court.

[17] Affirmed.

Riley, J., and Altice, J., concur.